NEW-YORK
Nov. 1806.

High
v.
Wilson.

[* 46.]

Judgment of nonsuit.

## High *against* Wilson, Sheriff of Washington county.

THIS was an action for *trespass* against the defendant, for taking the goods and chattels of the plaintiff. Plea, not guilty. The cause was tried at the *Washington* circuit, the 4th of *June*, 1806, before Mr. Chief Justice *Kent.*

One of the deputies of the defendant, by virtue of a *fieri facias*, against the property of one *James Blanchard*, seized two horses, which he found in the possession of *Blanchard*, as his property; but which the plaintiff claimed as belonging to him.

The plaintiff proved that, in *April*, 1803, he purchased the same horses of *Blanchard*, for which he gave his promissory note; that he kept and used the horses two days. They were, afterwards, in the possession of *Blanchard*, but for what reason, or on what terms, did not appear. They continued in the possession of *Blanchard* until they were taken in execution. The counsel for the defendant then moved for a nonsuit, because the property being in the possession of a third person, trespass could not lie, but the chief justice overruled the motion. The defendant then proved that the horses had been in

In trespass by a stranger against a sheriff for seizing goods under a fieri facias the sheriff in order to justify must produce the judgment as well as the writ; but if the court are satisfied that there was fraud, and that the plaintiff is not entitled to recover, they will not award a new trial where there has been a verdict for the defendant, though the record of the judgment was not produced at the trial.

the possession of *Blanchard*, who had worked and used them before they were taken by the defendant, and after they had been in the possession of the plaintiff; and that when the horses were seized on the 20th of *June*, 1803, they were harnessed to the waggon of *Blanchard*, and in his possession ; that *Blanchard* was a person in bad circumstances, and a neighbour of the plaintiff, with whom he was well acquainted.

[*]It was contended on the part of the plaintiff, that the defendant, in order to make out a justification under the *fieri facias*, ought to produce the record of the judgment on which the execution was awarded. This objection was overruled by the judge, who directed the jury, that the circumstance of the horses continuing for so long a time in the possession of *Blanchard*, after the sale, was evidence of a fraudulent transfer, and that if they believed that the sale was fraudulent, they ought to find for the defendant, otherwise for the plaintiff. The jury found a verdict for the defendant,

A motion was now made for a new trial on the ground, that the defendant should have produced the record of the judgment on which the *fieri facias* issued.

*Weston*, for the plaintiff. It is well settled that trespass is the proper form of action in this case ; and that when brought by a *stranger* against the officer, he must, in his justification, produce the record of the judgment, on which the *fieri facias* issued.*

*Douglas, 40.
Ackworth v.
Kempe, 1 Ld.
Raymond,
733, Lake, v.
Billers. 5
Burrows,
2651. Masten
v. Podger.
† Levinz, 95.

*Shepherd*, contra. In *Turner* v. *Felgate*,† it is said that it is enough for the sheriff to plead the writ only ; but the party must plead the judgment as well as the writ. The contrary doctrine would be extremely inconvenient. Officers in remote counties would be obliged to consult the records of the court, before they could venture to serve a *fieri facias*. Though the writ may not be a justification in all cases ; yet the present is one that ought to form an exception to the rule. The writ was served

by a deputy; and the sheriff is not answerable for his acts, unless done in pursuance of his authority and duty. It was admitted on the part of the plaintiff, that the goods were seized by a *regular* execution; the court ought then to intend that there was a judgment. Again, in every action of trespass, the plaintiff must have either an actual or a constructive possession.‡ Here the plaintiff had neither. The sheriff cannot be made a trespasser by *retion.*§ But the sale was clearly fraudulent and void, and [*]so the plaintiff was not entitled to recover. The court ought not therefore to award a new trial when there is no justice on the side of the plaintiff.

*Weston,* in reply. Every officer is bound to know that the property he takes belongs to the defendant. The only evidence of fraud, is permitting *Blanchard* to be in possession of the horses: But this may have been on just and lawful grounds; other evidence may show that the sale was fair and *bona fide,* and so the plaintiff be entitled to recover.

*Per Curiam.* The defendant now produces the record of the judgment to show that it supported the *fieri facias.* It is settled, that when a *stranger* sues the sheriff, the latter must produce the judgment as well as the writ, to justify his seizure. The defendant in this case did not produce the judgment at the trial. But we are all clearly of opinion that the plaintiff had no right of action, for the sale of the horse was evidently fraudulent. On the authority of the case of *Masten v. Podger,** there appears to be no use or justice in granting a new trial when the plaintiff is not entitled to recover. For that reason the rule is refused.

Judgment for the defendant.