## JANSEN *vs.* ACKER & RICH.

In a suit by a third person *against an officer* for taking property by virtue of an execution, the officer to protect himself, is bound to show a *judgment* as well as *execution*.
A *nonsuit* may be granted after evidence has been given on both sides.

ERROR from the New-York common pleas. Jansen sued Acker and Rich in an action of *trespass de bonis asportatis*. He claimed title to the property under a bill of sale from one *James Anderson*. On the cross-examination of the plaintiff's witnesses, the defendant attempted to show the sale fraudulent. The plaintiff rested; and the defendants, who were the sheriff and a deputy sheriff of the city of New-York, read in evidence an *execution* against Anderson but did not produce a *judgment* sustaining the execution, and then moved for a nonsuit. Counsel were heard for and against the motion, and the court ordered a *nonsuit* to be entered. The *bill of exceptions* then stated " whereupon the counsel of the said plaintiff conceiving that by the law of the land the several matters so as aforesaid, produced [ *481 ] and *given in evidence on the part of the plaintiff were sufficient evidence to carry the cause to the jury, and that the cause could not be taken from the jury and a nonsuit entered after evidence had been given on the part of the defendant, made his exception to the said decision of the said judge, and inasmuch," &c. The plaintiff sued out a writ of error.

*J. L. Wendell*, for the plaintiff in error.

*S. Stevens*, for the defendant in error.

*By the Court*, BRONSON, J. However fraudulent the sale from Anderson to the plaintiff may have been as against the creditors of the former, it was nevertheless valid as between the parties to the transaction; and the defence was not complete without showing a *judgment*, as well as execution against Anderson.

It was said on the argument that the plaintiff did not suggest this objection on the trial. That is more than we can see, or are authorized to infer from the bill of exceptions. The plaintiff resisted the motion for a nonsuit, and although it appears that the question was argued on both sides, it does not appear what reasons were assigned either for or against the motion. Under such circumstances we can make no presumption against either party —certainly not in favor of one and against the other. The exception is mainly directed against the power of the judge to nonsuit the plaintiff after evidence had been given upon both sides, a position which cannot be maintained. But I am inclined to think that the exception was not only designed

to raise that question, but also the question whether the nonsuit was proper on the whole case as it appeared. The judgment must, therefore, be reversed and a new trial ordered in the C. P., when the defendants will have the opportunity of producing the judgment as well as the execution against Anderson.

Judgment reversed.

---

* BATES vs. STEARNS.        [ *482 ]

A recovery *against* the plaintiff, in an action of ejectment brought *previous* to the time when the revised statutes went into operation, is no bar to an action brought *by* him since that period, although the judgment in the former action was entered after those statutes went into effect, and the plaintiff did not apply for a new trial in the mode prescribed by those statutes.

THIS was an action of *ejectment*, tried at the Otsego circuit, in April, 1839, before the HON. PHILO GRIDLEY, one of the circuit judges.

The plaintiff claimed to recover the premises in question as a part of a tract of land called *Livingston's patent.* The defendant claimed that the premises were in an adjoining tract, called the *Cherry Valley patent*, and insisted that the plaintiff was barred by a former recovery against him in an action of ejectment brought for the same premises by an owner of land in the Cherry Valley patent, to which recovery he (the defendant) was a *privy.* That action was commenced *previous* to the revised statutes taking effect; the judgment, however, was rendered *subsequently*, to wit, in May term, 1830. The judge ruled that the former recovery was not conclusive. The principal matter in contest was, the true location of the line between the two patents. The jury found for the plaintiff, and the defendant moved for a new trial.

*H. Lathrop, & E. B. Morehouse*, for the defendant.

*J. E. Cary & J. D. Hammond*, for the plaintiff.

*By the Court*, COWEN, J. We think the judge was right in holding that the verdict and judgment in the former action was not conclusive. In *Jackson, ex dem. Palmer*, v. *Coe*, 5 *Wendell*, 101, this court held, that in an action of ejectment brought before the revised statutes went into effect, the defendant could not take his second trial *of course*, as provided by 2 *R. S.* 235, 2d ed. § 36, 27, &c. The *decision is in    [ *483 ] accordance with a principle which we decidedly approve, viz.