Kingsland v. Spalding.

---

## KINGSLAND *vs.* SPALDING.

Where money and property are received by A. for the use of B., under and by virtue of a judgment given, and an assignment of property made, to him by C., in trust to pay a debt due from C. to B., such money and property constitute, in equity, a trust fund, in the hands of A., for the payment of the debt provided for. And a judgment recovered against him, by B., for the amount. thus received by A., for his use, is a fiduciary debt, which will not be discharged by A.'s bankrupt certificate.

Where a judgment has been recovered against a person on the ground that he has received moneys to the use of the plaintiff, under an assignment made and a judgment given in trust for the benefit of the latter, the defendant is estopped from litigating the question again—in a creditor's suit founded upon such judgment—either as to the fact of its being a fiduciary debt, or as to the amount received in his fiduciary character.

A decree, sentence, or judgment, of a court of competent jursidiction, is conclusive upon the parties, in a future litigation of the same question between those parties, or those claiming under them; whether such question arises directly or collaterally in the subsequent litigation; provided the question of estoppel is brought before the court in the proper form.

Where the former decision of the same matter can be set up in *pleading*, as an estoppel, the party who wishes to avail himself of it must plead it in bar of the further litigation of the same matter.  But in those cases where the form of proceeding does not allow of special pleading, it may be given in evidence; and is conclusive upon the parties, the court, and the jury.

Whether a regular default will be set aside to let in the defendant to set up his discharge under the bankrupt act?  *Quære.*

THIS was an application, on the part of the defendant, to open an order referring this cause to a vice chancellor for decision, and the order to close the proofs in the cause, both of

which orders had been regularly entered; and to let the defendant in to set up a discharge under the bankrupt act, as a defence to the suit. The defendant was a judgment debtor of the complainants, on a judgment which they had recovered for money had and received by him, to their use, by virtue of a judgment given to him, by confession, and under an assignment to him, by John Cronkhite, of certain property, in trust to pay the complainants and other creditors of Cronkhite; for the payment of whose debts Spalding stood in the situation of a surety. The judgment was recovered prior to the alleged discharge of the defendant under the bankrupt act; and an execution thereon was issued and returned unsatisfied. The complainants thereupon filed their bill to reach the property of the defendant, which was in his possession or under his control at the time of the commencement of this suit. The bill set out the facts in relation to the recovery of the judgment, and the pretence of the defendant that his personal liability, for the payment of the judgment, had been discharged under the bankrupt act. and insisted that he was estopped, by the recovery of the judgment, from alleging that the debt for which such judgment was obtained was not a fiduciary debt.

*N. Hill, Jun. & S. Stevens*, for the complainants.

*A. Taber & L. Birdseye*, for the defendant.

THE CHANCELLOR. The proceedings on the part of the complainants to close the proofs, and the reference of the cause to the vice chancellor for decision, were perfectly regular; and I have great doubts whether this court ought to let the defendant in to set up the technical defence of a discharge under the voluntary provisions of the late bankrupt act, even if there was a reasonable probability that the debt was discharged by the proceedings in bankruptcy. It is not necessary, however, to put my decision of this application upon that ground; for I am satisfied that this judgment was not discharged by the proceedings in bankruptcy.

The moneys and other property received by the defendant, under and through the assignment of Cronkhite, and the judgment confessed by him to Spalding, constituted, in equity, a trust fund, in the hands of the latter, for the payment of the complainant's debt. And the judgment under which this creditor's bill has been filed having, as the affidavits show, been recovered upon the ground that Spalding had received moneys to the use of the complainants, to the amount of the recovery in that case, under the assignment and the judgment against Cronkhite, the defendant is estopped from litigating the matter again, in this suit, either as to the fact of its being a fiduciary debt, or as to the amount which the defendant had received in his fiduciary character, for the use of the complainants as the equitable owners of the trust fund.

The rule on this subject is, that a decree, sentence, or judgment, of a court of competent jurisdiction, is conclusive upon the parties, in any future litigation of the same question between the parties to such decree, sentence, or judgment, or those claiming under them; whether the question arises directly or collaterally in such subsequent litigation: provided the question of estoppel is brought before the court in the proper form. Where the former decision of the same matter can be set up in pleading, as an estoppel, the party who wishes to avail himself of it must plead it in bar of the future litigation of the same matter. But in those cases where the forms of proceeding do not allow of special pleading, it may be given in evidence; and is conclusive upon the parties, the court and jury. ( *Wright* v. *Butler*, 6 *Wend. Rep.* 284. *Young* v. *Beach*, 7 *Cranch's Rep.* 565. *Estell* v. *Taul*, 2 *Yerg.* 467.) And it makes no difference, in this respect, that the object of the first suit was entirely different from that of the second. Thus, in the case of *Betts* v. *Starr*, (5 *Conn. Rep.* 550,) where a mortgage was given to secure the amount due upon a promissory note; an ejectment suit was afterwards brought, upon the mortgage, to recover the possession of the mortgaged premises, and the defendant attempted to go into proof to show that the mortgage was usurious, as a defence to the suit. The plaintiff, however, produced the record

of a judgment in his favor upon the note, given with the mortgage, and proved that under the plea of the general issue the defendant in the former suit attempted to set up the defence of usury, but failed. And the court thereupon decided that the verdict and judgment in the suit upon the note were conclusive of the fact that the mortgage, which was given at the same time with the note, and to secure the same debt, was not usurious. The cases of *Preston* v. *Harvey*, (2 *Hen. & Munf. Rep.* 55,) in the court of appeals in Virginia, and of *Rice* v. *King*, (7 *John. Rep.* 20,) in the supreme court of this state, are to the same effect.

The motion must therefore be denied, with costs.