May Term,
1855.

HUFFORD *v.* THE STATE on the relation of WHITE.

HUFFORD
*v.*
THE STATE.

Debt on a guardian's bond, dated *February* 13, 1833. Breach, that the guardian had received large sums, &c., the property of his wards, which he had converted to his own use, of which the relator was entitled to a sixth; that he had not accounted therefor to the relator, nor to the Probate Court, and that he had left the state and gone to parts unknown, so that a demand could not be made of him; and that the relator was twenty-one years of age. Process was served on only one of the defendants, who was a surety. He answered in several paragraphs, as follows: 1.. That the cause of action did not accrue within three years before the commencement of the suit. 2. That the guardian had not been called on to account. 3. That he had complied with all the orders of the Probate Court as guardian, &c. 4. That on the 13th of *February*, 1844, he rendered to the Probate Court a just and true account of his guardianship, in discharge of his trust. 5. That the relator had made no demand upon the guardian for an account and a settlement. *Held*, that demurrers to these several paragraphs were correctly sustained.

Facts alleged in a complaint, which are not denied by the answer, are regarded as admitted.

APPEAL from the *Hendricks* Court of Common Pleas.

Friday,
June 8.

GOOKINS, J.—This was an action of debt, on the bond of one *West*, as guardian of the relator and five other children of *Thomas White*, deceased, dated *February* 13, 1833. Two breaches are assigned, alleging that *West* had received large sums of money, notes, &c., the property of his wards, which he had converted to his own use, of which the relator was entitled to one-sixth part; that he had not accounted therefor to the relator, nor to the Probate Court, and had left the state and gone to parts unknown, so that a demand could not be made upon him; and that the relator had attained the age of twenty-one years.

The process was served only on *Hufford*, who answered in seven paragraphs, as follows: 1. That the cause of action did not accrue within three years before the commencement of the suit. 2. That *West* had not been called on to account. 3. That he had complied with all the orders of the Probate Court as guardian, &c. 4. That on the 13th of *February*, 1844, *West* rendered to the Probate Court a just and true account of his guardianship, in dis-

charge of his trust.   5. A denial that *West* received and converted said assets to his own use.   6. That the relator had made no demand upon *West* for an account and settlement.   7. A set-off against the relator in favor of *West*.

The plaintiff filed demurrers to the first, second, third, fourth and sixth paragraphs, and a reply in denial of the seventh.   The demurrers were sustained, and this is assigned for error.   The appellant has not pointed out any objection to the decision upon these demurrers, and we do not see any.   The cause was submitted to the Court for trial.   Verdict and judgment for the relator.   Motion for a new trial overruled (1).

The record contains all the evidence.

At the *May* term, 1833, of the *Hendricks* Probate Court, *West* reported that he had received 30 dollars in money, and 122 dollars and 37½ cents in notes, belonging to his wards.   On the 9th of *February*, 1836, he reported that he had received 153 dollars of the estate of *Thomas White*, deceased, which he had loaned out at six per cent.   On the 13th of *August*, 1837, he recovered a judgment, as guardian, against one *Bray*, for 54 dollars and 87 cents. On the 11th of *March*, 1841, he acknowledged satisfaction of said judgment by 49 dollars paid to himself, and 15 dollars paid his attorney.   This was all the evidence given on the trial.

The objections taken to this judgment are,—1. That the evidence does not sustain the finding of the Court, because it does not appear that the relator was one of the heirs of *Thomas White*, deceased; 2. That it is not shown what portion of the money received by *West* the relator was entitled to ; and 3. That no demand of *West* was shown.

None of these objections are well taken.   The relator alleges that he is one of the six heirs of *Thomas White*, and that he is entitled to one-sixth part of the amount received by *West*.   These allegations are not denied; hence they need not have been proved.   An excuse is shown for not having made a demand of *West*, because he had left

the state and gone to parts unknown. The question of the sufficiency of this excuse was raised by the demurrer, and was decided correctly. The excuse was sufficient. There was no denial of the fact of his having left the state; hence there was no occasion to prove it.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*C. C. Nave*, for the appellant.

(1) It has recently been held, in numerous cases tried under the R. S. 1843, that after a motion in arrest of judgment a motion for a new trial can not be entertained. *Rogers* v. *Maxwell*, 4 Ind. R. 243.—*Sherry* v. *Ewell, id.* 652.— *Smith* v. *Porter*, 5 *id.* 429.—*Hord* v. *The Corporation of Noblesville, ante*, p: 55.— *Van Pelt* v. *Corwine, ante*, p. 363.—*McKinney* v. *Springer, post.*

The R. S. 1852, however, contain the following provisions: "The application for a new trial must be made at the term the verdict or decision is rendered." 2 R. S., p. 119, s. 354. "Where causes for a new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the Court, upon the evidence produced by the parties. But no such application shall be made more than one year after the final judgment was rendered." 2 R. S., p. 119, s. 356. As the motion for a new trial may now be entertained after final judgment, it would probably be held that a motion in arrest would not operate as a waiver of the former motion; for it is difficult to perceive how a motion in arrest would affirm the verdict any more than allowing judgment to be rendered without objection.