## SUPREME COURT.

### Coit agt. Bland.

The judgment of *dismissal of the complaint,* in what was formerly called a common law action, is equivalent to a former judgment of *non-suit* in such action; consequently it does not bar another action. But this rule does not apply to. *equity* causes.

*New York General Term, March,* 1861.
Clerke, Sutherland and Allen, *Justices.*

By the court, Clerke, P. J.  The dismissal of the complaint, under the modern practice of the Code, seems to me in all respects identical with a non-suit, in actions which formerly were called common law actions.  In all actions of this nature, I think, it was intended by the legislature, in enacting the Code, that the one term should be substituted for the other.  It is also evident that the convocation of judges who framed and adopted the rules of this court, considered them identical.  (*See rules* 23, 24.)  In the language of the superior court, in *Harrison* agt. *Wood,* (2 *Duer,* 50,) " the dismissal of the complaint under the Code has no other effect than that of a non-suit under the former practice.  There is a change of name, and nothing more."  If this is a correct view there can be no doubt that the judge at the second trial properly decided not to regard the judgment in the first action as a bar to the second.  A non-suit never precluded the plaintiff from bringing his action again, whether it was granted before or after the evidence was given on both sides; and the judge had a right to non-suit at any stage of the trial.  (*Jansen* agt. *Acker,* 23 *Wend.,* 280 ; *Rudd* agt. *Davis,* 3 *Hill,* 287.)  The form of the judgment, in all these cases, was that the complaint should be dismissed.  If the legislature intended that the dismissal of the complaint, in an action

at common law, should have the same effect as it had in equity cases under the old system, it would have distinctly said so. We are not to imply so important a change—a change that would operate so seriously on the rights of a suitor, as to prevent him from again trying to establish his claim after failing in the first instance from the accidental deficiency of proof, or from any other cause. A judge before whom a common law cause is tried without a jury, acts in the double capacity of court and jury; and when, instead of rendering a judgment in express terms for the defendant, he orders that the complaint should be dismissed, it is to be presumed he then acts as the court, exercising the prerogative which it has always possessed, of non-suiting the plaintiff, either before or after the evidence is given on both sides.

The judgment should be affirmed.