## GARROLL v. YOUNG.

PRACTICE—BILL OF EXCEPTIONS.—A bill of exceptions filed after the term at which the proceedings excepted to were had, without leave of the Court, can not be considered as a part of the record on appeal. Errors of law, to be available, must be excepted to at the time, but exceptions can not be shown by a bill of exceptions filed after the term at which the alleged errors were committed, unless leave be given.

APPEAL from the *Allen* Common Pleas.

WORDEN, J.—Action by *Young* against *Garroll* and others. Issue, trial, verdict, and judgment for the plaintiff.

The defendants below appeal, though the errors are assigned in the name of *Young* as appellant against the other parties as appellees. As it is apparent that the defendants below, and not *Young,* are the appellants, we shall treat them as such, especially as no question is made as to the manner of entitling the cause in this Court.

The errors assigned are such as can be made to appear only

Garroll *v.* Young.

by bill of exceptions, and there is no such bill properly in the record.

The record shows that at the *June* term, 1862, the cause was tried, a verdict found for the plaintiff, a motion for a new trial interposed, and reasons therefor filed. Here ends the proceedings at that term. There was no leave given to file a bill of exceptions after the term. At the next term, on the 24th of *October,* of the same year, a bill of exceptions was filed, which sets forth various previous rulings excepted to, and among other things, it states that the Court had overruled the motion for a new trial, to which exception was also taken. The record further shows that afterwards, on the 7th of *November*, 1863, (this is probably a clerical mistake for 1862,) the Court overruled the motion for a new trial, and rendered judgment for the plaintiff. We suppose, taking the record and bill of exceptions together, that the Court announced its ruling on the motion for a new trial at the term at which it was made, but no entry thereof was made until afterwards. The bill of exceptions being filed after the term at which the proceeding excepted to were had, it can not be regarded as part of the record. This point has been so often determined that it would be useless to refer here to the numerous decisions. But suppose that, in point of fact, as possibly may have been the case, the motion for a new trial was not determined by the Court until the *October* term, the bill of exceptions then filed might be good for the purpose of showing what the evidence was on which the verdict was found, and for the purpose of saving an exception to the overruling of the motion. The new trial was asked on the ground of various alleged errors committed on and before the trial, as well as on the ground that the verdict was not sustained by the evidence. As to the alleged errors of law, they must have been excepted to at the time of their commission, and such exception must legitimately appear. This can not be

shown by a bill of exceptions filed after the term at which the alleged errors were committed, unless leave be given. Hence it does not appear that any errors of law were committed for which a new trial should have been granted.

If the case be deemed legitimately before us on the evidence, on the theory that the motion was overruled at the *October* term, it will not better the appellant's condition as the evidence tends, to say the least of it, to sustain the verdict.

*Per Curiam.*—The judgment below is affirmed, with costs.

*W. S. Smith*, and *W. M. Crane*, for the appellant.

*Moses Jenkinson*, for the appellees.