### Vandoren and Another *v.* Kimes.

Practice—An error in sustaining a demurrer to a paragraph of an answer will not be available on appeal, if the party had the full benefit of the defense under another paragraph of his answer.

Bill of Exceptions.—Where, upon the overruling of a motion for a new trial, no time was asked or given to file a bill of exceptions, the court refused to consider a question attempted to be presented upon a bill filed at the succeeding term of the court.

APPEAL from the *Randolph* Common Pleas.

Suit by *Ann V. Kimes* against *Vandoren* and *Walters*, for the partition of certain lands, of which she claims to be entitled to one-third as the widow of *Henry Kimes* deceased. It is alleged in the complaint, *inter alia*, that *Henry Kimes*, the husband of the plaintiff, was seized in fee of the lands described in the complaint, when, in the year 1858, the defendants and others commenced proceedings against him, in the Randolph Circuit Court, in attachment, in which judgments were recovered against said *Henry;* that executions and orders of sale were issued on said judgments, by virtue of which the sheriff of said county levied on and sold said lands to the defendants, and executed to them a deed of conveyance therefor; under which they have ever since held possession of the lands;

that said *Henry Kimes* subsequently died, leaving the plaintiff, his widow, surviving him; that the plaintiff, "never having parted with her interest" therein, is the owner and entitled to one-third of said lands, and the defendants' to two-thirds thereof.

The defendants filed an answer of three paragraphs. The first was a general denial; the others were special paragraphs, alleging new matter in bar; to each of which the court sustained a demurrer, and the defendants excepted.

The case was then submitted to the court for trial, upon an agreed state of facts. The court found for the plaintiff, that she was the owner of one undivided third of said lands, and entitled to partition thereof, and, having overruled a motion for a new trial, rendered a decree therefor. Partition was subsequently made and final judgment rendered.

The errors assigned relate: 1. To the error of the court in sustaining demurrers to the second and third paragraphs of the answer. 2. To the refusal to grant a new trial, because the finding of the court is contrary to the law and the evidence.

The facts of the case are as follows: In 1858, *Henry Kimes*, the husband of the plaintiff, was the owner in fee of the real estate described in the complaint, and at the same time was largely indebted to the defendants and others; "that to hinder, delay and defraud his said creditors, the said *Henry* did, on the 1st of January in said year, for the fraudulent purpose aforesaid, and without any consideration whatever," convey all of said real estate by deed in fee, with covenants of warranty, to one *Hannah Kimes*, the mother of said *Henry*; and the said plaintiff joined with her husband in said fraudulent conveyance, with a full knowledge of all the facts above stated. Subsequent to the execution of said fraudulent conveyance, the defendants, and other creditors of said *Henry Kimes*, brought an action in the *Randolph* Circuit Court against

*Henry, Ann V.* and *Hannah Kimes,* to set aside said convey-ance, as fraudulent and void, and such proceedings were thereupon had, that, upon the final hearing, the Circuit Court rendered the following judgment and decree therein, to-wit:

"The parties by counsel come, and said defendants hav-ing failed to file their answer in discharge of a rule taken against them, it is therefore considered by the court that the matters and things set forth in said complaint be taken as true and confessed. And the court, having heard the evidence of said plaintiffs, and examined said complaint and all things touching the same, doth now adjudge and decree that the deed set out in said complaint, from *Henry Kimes* and *Ann V. Kimes,* his wife, to *Hannah Kimes,* to the follow-ing described real estate, situated in *Randolph* county, *In-diana,* to-wit:" (Here follows a full description of the lands by metes and bounds, being the same lands described in the complaint in the present suit) "be declared fraudulent and held to be null and void as to the creditors of the said *Henry Kimes,* and to convey no title whatever to the said *Hannah Kimes.* And it is further ordered and decreed that said real estate described in said deed be made subject to the payment of the debts owing by said *Henry Kimes,* as though said deed had never been made," and that the plaintiffs recover of the defendant *Henry Kimes* their costs and char-ges herein laid out and expended.

Said decree was rendered on the 8th day of April 1858, and on the same day, the defendants herein, and other credi-tors of said *Henry Kimes,* recovered judgments in said court, on their respective claims against him. Execu-tions were issued on said judgments, upon which the sheriff regularly advertised and sold said real estate, which was bid in and purchased by these defendants, for a less amount than the judgments upon which it was sold, and the sheriff thereupon executed and delivered to them a proper and legal deed of conveyance for said land. The

defendants took possession of said land under said deed and still continue to hold the same.

*Henry Kimes* died on the 1st day of April 1865, leaving the plaintiff his widow, who has not in any way, except as in said deed to *Hannah Kimes,* parted with her rights in said real estate. And unless by said deed to said *Hannah Kimes,* or by the proceedings in court herein referred to, the said plaintiff is barred of her rights, it is agreed that she is entitled to one-third in fee of said real estate.

It is further agreed, as the deed of *Henry Kimes* and the plaintiff to *Hannah Kimes,* and the deed of the sheriff to the defendants, are long and would tend to make the record voluminous, that said deeds are in all respects regular in form, and their production in evidence is waived, as well as the requirement that they should be attached to and made a part of the pleadings, both as to the trial of the facts and the issue of law on the demurrer to the answer. It is further agreed, that the fraudulent grantee, *Hannah Kimes,* never had any possession of said real estate.

FRAZER, J.—There was no error in sustaining demurrers to the second and third paragraphs of the answer. They were only argumentative denials of the title of the plaintiff as averred in the complaint, and no injury to the appellants could result from the rulings upon those demurrers, inasmuch as the same evidence was admissible under the general denial, which was in. Indeed, the same question, an interesting one, is supposed by counsel on both sides to arise upon the evidence, and is argued with great care and ability. It is one upon which the highest courts of different states are at variance, and upon which, as now advised, after considerable investigation, it is apprehended that this court would be equally divided. It turns out, however, that the question is not in this record. There was a motion for a new trial and an exception to the overruling thereof, but no time was asked or given to prepare a bill of exceptions, and none was tendered until the next subsequent term of the

court, when a bill containing the evidence was filed.    It cannot be regarded.

The judgment is affirmed, with costs.

*T. M. Brown,* for appellants.

*J. J. Cheney* and *E. L. Watson* for appellee.