## SUPREME COURT.

### JOHN F. ELWELL agt. WILLIAM R. ROBBINS.

On a reference to ascertain the rights of claimants to *surplus moneys* in a mortgage foreclosure case, the claimants are entitled to the *fees of the referee* and *fees of the clerk*, in the proceeding.

The only *costs*, aside from disbursements, that can be allowed the claimants, at the rate allowed for similar services in civil actions, are such as are prescribed by the Code.

In this case, the claimants are entitled to costs for two motion fees of $10 each. One for the appointment of the referee, and the other for the confirmation of his report.

*It seems*, that there may be cases in which it would be proper to allow a *trial fee*, before the referee. These are special proceedings and costs may be allowed in the discretion of the court.

*Otsego Special Term, March,* 1872.
*Present,* RANSOM BALCOM, *J.*

THE mortgaged premises having been sold pursuant to a foreclosure judgment in the action, there was a surplus of over $1,000, after paying the mortgage and costs in the action. On motion of William Burch, Esq., the court appointed B. J. Schofield, Esq., referee under rule 77 of this court, to ascertain and report as to the rights of persons to said surplus. On the presentation of the report of said referee, it was confirmed on motion of said Burch, who asked for costs of the proceedings.

WM. BURCH, *for claimants.*

BALCOM, *J.*—It was held in *The N. Y. Life Ins. and Trust Co.* agt. *Vanderbilt,* (12 *Abb.,* 458), that in disposing of surplus funds arising on foreclosure of a mortgage, the court has authority to allow to the parties a suitable com-

pensation for costs and disbursements, to be paid out of the funds, but nothing in addition to the taxable costs.

This is the special proceeding. It is provided by statute, that in special proceedings, costs may be allowed in the discretion of the court, and when allowed shall be at the rate allowed for similar services in civil actions (*Laws of* 1854, *p.* 593, § 3).

The claimants to the surplus money in this case, are entitled to the fees of the referee, $3, for one day, and fees of the clerk in the proceeding. The only costs, aside from disbursements, that can be allowed the claimants, at the rate allowed for similar services in civil actions, are such as are prescribed by the Code.

The attorney for the claimants has made two motions in this proceeding, one for the appointment of the referee, and the other for the confirmation of his report. And by section 315 of the Code, not exceeding $10, for each motion can be allowed the claimants or their attorney, in the discretion of the court.

I will not say but that there may be cases where the proceeding before the referee should be regarded in the nature of a trial, and a trial fee allowed to the claimant of the surplus money in the discretion of the court. But I think no trial fee should be allowed to the claimants in this proceeding.

The attorney of the claimants seems to think, that $20 will cover his charges and the disbursements in this proceeding, and the costs and disbursements of the claimants therein, are fixed at $20, to be paid to them or their attorney out of the surplus money in question.