Greenup *et al. v.* Crooks *et al.*

GREENUP ET AL. *v.* CROOKS ET AL.

PRACTICE.—*Special Judge.*—Where a cause was tried before a judge specially appointed to preside at the trial, and a general verdict and answers to interrogatories were returned by the jury on the last day of the term at which the cause was tried, and no further action was taken, and no order was made adjourning the cause to a day in vacation, the authority of the judge specially appointed to try the cause ceased, and the cause went back on the docket for the next regular term of the court.

SAME.—*Motion for New Trial.— When Filed.*—An application for a new trial must be made at the term at which the verdict or decision is rendered.

SAME.—A motion for a new trial made after the adjournment of a term of court, and when there is no legal court in session, is a nullity.

SAME.—*Bill of Exceptions.—Time of Filing.*—Where a cause is tried at one term of court, and a general verdict and answers to interrogatories are returned, but no judgment is rendered thereon, and no order is made giving time beyond the term within which to file a bill of exceptions containing the evidence, a bill filed at the next term of the court will not be a part of the record.

PLEADING.—*Estoppel by Record.—Demurrer.*—Where an estoppel by record plainly appears on the face of a complaint or answer, it is not necessary to set it up in answer or reply, but the question may be raised by demurrer.

SAME.—*Former Adjudication.*—In an action for a judgment and to foreclose a mortgage on real estate, where certain persons claiming to hold judgments for the enforcement of mechanics' liens on the real estate are made parties defendants, and they answer, claiming priority over the mortgage, and that the mortgage is fraudulent and void, a reply alleging that in the proceedings wherein the judgments for the enforcement of the liens were obtained, the mortgagees were made parties defendants, and they answered, setting up the validity and priority of their mortgage, that issue was joined thereon, and a judgment rendered for the enforcement of the mechanics' liens, subject to the prior lien of the mortgagees, is a good reply, showing a former adjudication of the rights of the parties as to the validity and priority of the mortgage.

From the Carroll Circuit Court.

*J. Applegate* and *R. P. Davidson,* for appellants.

*Z. & S. P. Baird, B. B. Daily, D. Turpie,* and *S. A. Huff,* for appellees.

BUSKIRK, C. J.—This was an action by Christopher C. Greenup, Samuel Greenup, and John Greenup against John

Brookbank, Louisa Brookbank, William Crooks, John M. Grant, Paul Hamlin, executor of Arthur Miller, deceased, Thomas K. McElhaney, Calvin A. McClure, and Henry A. McClure. The main purpose of the action was to obtain a personal judgment against John Brookbank upon two notes, amounting in the aggregate to eight thousand dollars, executed by him and payable to the plaintiffs, and the foreclosure of a mortgage executed by the said John and Louisa Brookbank, to secure the payment of said notes.

It was also alleged in the complaint, that the other persons named as defendants had judgments in the Carroll Common Pleas Court against the said John Brookbank, which had been rendered in proceedings to enforce mechanics' liens, and which judgments the said persons claimed constituted liens upon said mortgaged property, and they were required to answer as to their interest in such property.

John Brookbank and wife suffered a default, and judgment was accordingly rendered against them.

The appellees filed a joint answer, in which they alleged that each of them had recovered a separate judgment in the Carroll Common Pleas Court against the said John Brookbank, upon foreclosure of mechanics' liens, for work done and materials furnished in the construction of a building upon the mortgaged premises, the amount and date of each judgment being separately stated; that such materials were furnished and work done under a contract made with the said Brookbank long before the said mortgage of the plaintiffs was executed, and before any debt had accrued which it was given to secure; that at the time the said mortgage was executed, the said Brookbank was only indebted to the plaintiff in the sum of five thousand dollars; that the note sued on, bearing date May 12th, 1866, was executed without any consideration whatever, and that by collusion between the plaintiffs and said Brookbank, at the time the said mortgage was executed, it was secretly held by the plaintiffs and kept from the record, with the fraudulent purpose of superinducing the completion of said building by the defendants, who were kept in ignorance

of the existence of said mortgage until nearly the entire ninety
days after its execution had elapsed, during which time a large
portion of said materials were furnished, and a large amount
of said work was done ; that after the said claims had accrued
and within sixty days after the completion of said building,
they made out and filed, and had recorded, notice of their inten-
tion to hold a lien on said property ; that, by the said judg-
ments, it was decreed that said appellees should have a lien
on said mortgaged property, copies of which judgments were
filed with and made a part of such answer ; that said judg-
ments remain in full force, unappealed from, and unreversed ;
that at the time said judgments were rendered, they were
ignorant of the fact that the said mortgage was given to secure
a greater amount than the said Brookbank owed the plain-
tiffs, and also of the fact of the collusion between the plain-
tiffs and Brookbank as above charged ; that at the time said
mortgage was executed, the land therein described was not
worth more than three hundred dollars, and is not now worth
more, independent of said building erected thereon by these
defendants, and for which they have and hold said judgments
on said liens; that by the labor done and materials furnished
in the erection of said building, they have increased the value
of said lot to thirteen thousand dollars ; that the plaintiffs
were fully aware that the said defendants were performing said
work and labor and furnishing said materials for said building,
whilst they secretly held said mortgage from their knowledge
with a fraudulent intent, and in pursuance of an understanding
and agreement between them and said defendant Brookbank,
to deprive them of the benefit of said mechanics' liens, on
which they relied, and without which they would not have
erected the said building ; that at the time of the execution
of said mortgage, the said Brookbank was insolvent, which
fact was known to the plaintiffs, but was unknown to the
defendants ; that the true consideration of said mortgage was
the loan of a sum of money not exceeding one thousand dollars,
and that the same was fraudulently made for the sum of eight
thousand dollars, for the purpose above stated, to cheat, hin-

der, delay, and defraud these defendants of their said liens; that there is nothing due on said mortgage from the said Brookbank to the said plaintiffs, and that the same is being foreclosed by collusion between the said plaintiffs and said Brookbank, for the purpose of divesting said defendants of the benefit of their said liens and judgments.

The prayer was, that the said mortgage should be decreed to be fraudulent and void, and for all other proper relief.

Two other paragraphs of answer were filed, which were the same, in substance, as the above, except they made no reference to the proceedings in the Carroll Common Pleas Court.

Demurrers were overruled to each paragraph of the answer.

The appellants replied in three paragraphs. The first in denial. Second, that the notes and mortgage were executed by said Brookbank in good faith, and were by the plaintiffs received in good faith, to secure to the plaintiffs the amount of money expressed therein; that the note for five thousand five hundred and sixty-five dollars and seventy cents was executed, to secure the amount therein named, at and before that time due to them; that the said note for two thousand four hundred and thirty-four dollars and thirty cents was executed to them, to secure in part cash then advanced to him, and in part to secure money which the plaintiffs then obligated themselves to pay and advance to the said Brookbank, for the purpose of enabling him to construct said building, which money the plaintiffs obligated themselves to pay and advance to the said Brookbank as fast as he would need the same in prosecuting said work; and that, pursuant to said agreement, the plaintiffs did in good faith furnish to said Brookbank, on and before the 1st day of July, 1866, said money, which has been ever since justly due and owing to them.

The third paragraph was as follows:

" The plaintiffs, for further and third paragraph of reply to the several amended answers of defendants Grant and Crooks, and of the defendants Miller and McElhaney and the McClures, and of all of said defendants answering jointly, say that in said cause adjudicated in the Carroll Common Pleas Court,

referred to in said several answers, and of the proceedings and judgment in which a transcript appears in each of said answers, the defendants Crooks and Grant were the plaintiffs, and these plaintiffs and the other defendants herein were defendants; that the defendants Crooks and Grant, in their complaint, averred that these plaintiffs were the holders of a mortgage executed to them by the said John Brookbank, on the 12th day of July, 1866, to secure to them the payment of the sum of eight thousand dollars, which mortgage appears unsatisfied, and otherwise more fully describing said mortgage and requiring these plaintiffs to answer thereto; that they answered, setting up the validity and priority of their said mortgage, as fully appears by said proceedings and judgment, and praying the protection thereof in any judgment or decree of said court rendered in the premises, and the judgment of the court declaring the same a prior lien upon said premises; and like issues were made as between these plaintiffs and the other defendants; and afterward judgment was rendered in said cause in favor of said Crooks and Grant, and each of the other defendants, against the said John Brookbank, enforcing their respective liens upon said property, but subject to the prior lien of these plaintiffs, by reason of their mortgage thereon, which judgment remains in full force, unreversed, and unappealed from. And plaintiffs say that said mortgage referred to and described in the complaint of said Crooks and Grant, and in said proceedings and judgment, is the same identical mortgage which they seek to foreclose by their complaint in this case; wherefore they say that the said proceedings and judgment of said court of common pleas conclude the defendants of their several answers herein, and are a bar to their again questioning plaintiffs' mortgage."

A demurrer was sustained to the third paragraph of the reply.

The cause was submitted to a jury for trial, and resulted in a general verdict in favor of the appellees. The jury also returned answers to special interrogatories submitted to them.

The appellants moved the court for judgment in their favor

upon the special findings, notwithstanding the general verdict, but the motion was overruled, and they excepted.

It is proper that we should at this point give a history of this case. The action was commenced in the Carroll Circuit Court. The venue was changed, and the cause was sent to the Cass Circuit Court. In that court the cause was tried by a jury, and resulted in a verdict for the appellees. The court granted a new trial. The cause was, by the agreement of the parties, sent back to the Carroll Circuit Court for trial. On the 25th day of February, 1873, that being the fourteenth judicial day of said term, the Hon. Dudley H. Chase, the judge of said court, having been of counsel in this cause, appointed the Hon. John U. Pettit, judge of the twenty-second judicial circuit, to preside at the trial of this cause. On the 26th day of February, 1873, that being the fifteenth judicial day of said term, Judge Pettit appeared, and the cause was submitted to a jury for trial. On the 1st day of March, 1873, that being the eighteenth judicial day of said term, the jury returned into court their general verdict and answers to interrogatories submitted to them. The February term, 1873, commenced on the 10th day of February, 1873. The court was authorized to continue, if the business required it, three weeks.

The February term expired on the 1st day of March, 1873. It does not appear from the record that any further action was had in this cause after the verdict of the jury was returned. Nor does it appear that any order was made adjourning the term to a day in vacation. The next entry in the transcript is as follows :

"And afterward, to wit, on the nineteenth judicial day of the February term, 1873, the same being the 14th day of March, 1873, the following proceedings were had in said cause, to wit :"

Then follow motions for judgment on the special findings, notwithstanding the general verdict, and for a new trial, which were overruled, and appellants excepted.

Here terminate the proceedings in this cause at that time.

There is no adjourning order. The next entry is made on the 20th day of June, 1873, the same being the eleventh judicial day of the June term, 1873, when Judge Chase enters of record an order setting this cause for trial before Judge Pettit. On the following day, Judge Pettit appeared, and the cause was proceeded with. The appellants moved the court for judgment in their favor and against the defendants, upon the statements in the pleadings, notwithstanding the general verdict, but the motion was overruled, and appellants excepted. The appellants then moved in arrest of judgment, for the reason that the statements of the pleadings and the condition of the record do not warrant or authorize a judgment upon the general verdict.

The motion was overruled, and appellants again excepted.

Then follows the decree of the court. After the rendition of the judgment, the appellants tendered two bills of exceptions, which were signed by the judge, and have been copied into the transcript by the clerk.

When the February term, 1873, of the Carroll Circuit Court expired, there being no order adjourning the cause to a day in vacation, the authority of Judge Pettit, as judge *pro tem.*, terminated, and the cause went back on the docket for the next regular term of said court. *Glenn* v. *The State, ex rel. Clore,* 46 Ind. 368, and authorities there cited.

Section 354, 2 G. & H. 215, provides, that " the application for a new trial must be made at the term the verdict or decision is rendered." Such has been the ruling of this court. *Hufford* v. *The State,* 6 Ind. 365 ; *Smith* v. *Thornburgh,* 7 Ind. 144 ; *Robertson* v. *Bergen,* 10 Ind. 402 ; *Stanley* v. *Peeples,* 13 Ind. 232 ; *White* v. *Perkins,* 16 Ind. 358 ; *Shover* v. *Jones,* 32 Ind. 141 ; *McNiel* v. *Farneman,* 37 Ind. 203 ; *Sanders* v. *Loy,* 45 Ind. 229.

The motion having been made after the adjournment of court, and when there was no legal court in session, the case must stand as though no motion for a new trial had been made. As there was no motion for a new trial, we cannot consider any error of law which occurred on the trial. But the bill of

exceptions containing the evidence is not in the record. It was filed at the June term of the court, without any order made at the February term extending the time beyond the term. *Garroll* v. *Young,* 22 Ind. 270, and *Vandoren* v. *Kimes,* 29 Ind. 582.

The only questions presented for our decision relate to the action of the court in overruling the demurrers to the several paragraphs of the answer, and in sustaining one to the third paragraph of the reply, and in overruling the motion in arrest of judgment.

It is contended by counsel for appellants, that the judgment of the Carroll Common Pleas estops the defendants from setting up as a defence the invalidity of the mortgage sued on, and that such question is raised by demurrer to such answers. It is settled that an estoppel *in pais* must be pleaded as a defense. *Wood* v. *Ostram,* 29 Ind. 177. It is also settled that where an estoppel by record plainly appears upon the face of a complaint or answer, it is not necessary to set up the estoppel by answer or reply, but it may be raised by demurrer. *Trimble* v. *The State,* 4 Blackf. 435; *Sammons* v. *Newman,* 27 Ind 508; *The German Mut. Ins. Co.* v. *Grim,* 32 Ind. 249.

The case of *Gavin* v. *Graydon,* 41 Ind. 559, is apparently in conflict with the views above expressed, but is not so in reality. That was an action to recover possession of real estate, where, under the general issue, every defence, legal or equitable, is admissible. In that case a distinction is drawn between an estoppel by record and the conclusiveness of a judgment.

It is not necessary for us to decide whether the question of estoppel relied upon by appellants is presented by the demurrer to the answer, as the question is undoubtedly raised by the demurrer to the third paragraph of the reply. We shall, therefore, consider the sufficiency of the answers, independent of the question of estoppel

There is much in each paragraph of the answer which should

have been struck out on motion as surplusage and immaterial. There are other matters which did not constitute a defence to the action, but there are still other matters alleged in each paragraph which constituted a valid defence, such as the allegations that the notes and mortgage were executed without any consideration whatever, and that there was nothing due the plaintiffs upon the said notes and mortgage. We think the answers were good on demurrer, and that the court committed no error in overruling the demurrers thereto.

We proceed to consider the question of estoppel raised by the demurrer to the third paragraph of the reply. The action in the common pleas court was brought by the appellees against John Brookbank, to enforce their liens as mechanics against the property mortgaged, and the appellants were made defendants to answer to their interest in such property. The complaint in that action contained the following reference to the appellants and the mortgage sued on:

"That on the 12th day of May, 1866, the said defendant John Brookbank executed to the said defendants Christopher C. Greenup, John Greenup, and Samuel Greenup, by the name and description of C. C. Greenup & Brothers, a mortgage on said ground, to secure to them the payment of the sum of eight thousand dollars, which mortgage appears of record unsatisfied."

The prayer of the complaint was this:

" Wherefore they pray for a judgment for two thousand dollars, and for the enforcement of the said lien for the payment thereof, and such other relief against the defendants as may be just and proper."

The appellants appeared and answered as follows:

" That they admit all the allegations in said complaint contained. The said defendants further say, that the notes due them by the said John Brookbank for the sum of eight thousand dollars, to secure the payment of which the mortgage as set forth in said complaint was given, are due and wholly unpaid, and that a copy of said mortgage, marked ' C,' is filed herewith and made part of this answer, to wit:" (We omit

the mortgage); " and the said defendants show that their said mortgage lien is prior to the lien of said plaintiff and entitled to the precedence of any judgment that may be rendered for the plaintiffs herein.

" Wherefore they pray that any judgment that may be rendered herein in favor of the said plaintiffs may be made subject to the prior lien of the defendants answering herein, and that the court will decree that their claim shall be first paid and satisfied out of the proceeds of the said premises, and for other proper relief."

The appellants filed a similar answer to the cross complaint of Miller, McElhaney, and the McClures, who were admitted defendants, and filed a cross complaint asking the enforcement of mechanics' liens against the property mortgaged, in which cross complaint the same allegations were made in reference to said mortgage as those quoted from the original complaint.

The cause was submitted to the court for trial. The court found the amount due to the several persons who were seeking the enforcement of mechanics' liens against the mortgaged property, and that such sums were liens upon said property, subject, however, to the prior lien of the mortgage of the appellants. The court in its decree provided that said property should be sold on execution, subject to the mortgage of the appellants, and that the proceeds arising from such sale be applied first to the payment of the judgments in favor of the appellees, and then on a subsequent mortgage, and finally on a subsequent judgment, and in the event that there was not enough to pay the judgment of the appellees in full, then their claims were to be paid *pro rata.*

It is contended by counsel for appellants that the judgment of the Carroll Common Pleas conclusively settled all of the rights of the parties as they then existed, and that such matters cannot be inquired into again in the present action, and in support of this position reference is made to the following authorities: 1 Greenl. Ev., sec. 528; *Kitchen* v. *Campbell,* 3 Wils. 304; *Walker* v. *Chase,* 53 Me. 258; *Hyatt* v. *Bates,* 35 Barb. 308; *Simpson* v. *Hart,* 1 Johns. Ch. 91; *Holmes* v. *Rem-*

*sen,* 7 Johns. Ch. 286; *Hamilton Building Association* v. *Reynolds,* 5 Duer, 671; *Southgate* v. *Montgomery,* 1 Paige, 41; *Sheldon* v. *Wright,* 1 Seld. 511; *Green* v. *Clark,* 5 Denio, 497; *Outram* v. *Morewood,* 3 East, 346; *Marriott* v. *Hampton,* 7 Term Rep. 265; *Moses* v. *Macferlan,* 2 Burr. 1005; *Loring* v. *Mansfield,* 17 Mass. 394; *Gray* v. *Pingry,* 17 Vt. 419; *Le Guen* v. *Gouverneur,* 1 Johns. Cas. 436; 7 Term Rep. 269; 2 H. Black. 414; 3 Black. Com. 454; 1 Eq. Cas. Abr. 81, pl. 4; 2 Eq. Cas. Abr. 176; 2 Atk. 178; 3 Atk. 35; 1 Ves. Sr. 434; 3 P. Wms. 371; *Hess* v. *Heeble,* 6 S. & R. 57; *Ramsey* v. *Herndon,* 1 McLean, 450; *Outler* v. *Cox,* 2 Blackf. 178; *Harris* v. *Harris,* 36 Barb. 88; *Gardner* v. *Buckbee,* 3 Cow. 120; *Burt* v. *Sternburgh,* 4 Cow. 559; *Wood* v. *Jackson,* 8 Wend. 9; *Etheridge* v. *Osborn,* 12 Wend. 399; *Embury* v. *Conner,* 3 Comst. 511; *Doty* v. *Brown,* 4 Comst. 71; *Ehle* v. *Bingham,* 7 Barb. 494; *Kingsland* v. *Spalding,* 3 Barb. Ch. 341; *Bruen* v. *Hone,* 2 Barb 586; *Haire* v. *Baker,* 1 Seld. 357; *Davis* v. *Tallcot,* 2 Kern, 184; *Hayes* v. *Reese,* 34 Barb. 151; *Coit* v. *Bland,* 22 How. Pr. 2; *Birckhead* v. *Brown,* 5 Sandf. 134; *Benjamin* v. *The Elmira, etc., R. R. Co.,* 49 Barb. 441; *Parkhurst* v. *Sumner,* 23 Vt. 538; *Gray* v. *Gillilan,* 15 Ill. 453; *Seddon* v. *Tutop,* 6 T. R. 607; *Morenhout* v. *Higuera,* 32 Cal. 289; *Elliott* v. *Peirsol,* 1 Pet. 340; *Campbell* v. *Consalus,* 25 N. Y. 613; *Canfield* v. *Monger,* 12 Johns. 347; *Fanning* v. *Dunham,* 4 Johns. Ch. 122; *Earle* v. *Hinton,* 2 Stra. 732; *Fischli* v. *Fischli,* 1 Blackf. 360; *Crosby* v. *Jeroloman,* 37 Ind. 264; Bigelow Estoppel, 95.

Counsel for appellees ·admit the doctrine of estoppel and the conclusiveness of judgments as contended for by counsel for appellants, and as settled and illustrated in the foregoing authorities, but they insist that such doctrine has no application to the present case, for the reasons that a former judgment or decree of a court of competent jurisdiction is conclusive only of such facts as were directly in issue in such former suit and were decided by it, and were necessary to uphold it; that facts found by a former decree which were not necessary to

uphold that decree do not conclude the parties; that the issue involved in the suit in the common pleas court was whether the plaintiffs were entitled to the foreclosure of their liens as mechanics; that the appellants here who were defendants to that action did not file a cross complaint and seek affirmative relief, but simply filed an answer alleging that they held a mortgage which constituted a prior lien to that of the plaintiffs, and prayed that their rights should be protected in any decree that might be rendered; that consequently there was no issue as to the validity of the mortgage, or whether it had been procured by fraud, or had been fraudulently withheld from the record, for the purpose of defrauding the appellees, or as to the amount due thereon, there being no finding as to the amount due or decree foreclosing such mortgage, and in support of these positions we are referred to the following authorities: *Simpson* v. *Pearson*, 31 Ind. 1; *Bougher* v. *Scobey*, 21 Ind. 365; *Duncan* v. *Holcomb*, 26 Ind. 378; *Hill* v. *Marsh*, 46 Ind. 218; *Campbell* v. *Consalus*, 25 N. Y. 613; *Manny* v. *Harris*, 2 Johns. 24; *Campbell* v. *Butts*, 3 N. Y. 173; *Coit* v. *Tracy*, 8 Conn. 268; *Dickinson* v. *Hayes*, 31 Conn. 417; *Church* v. *Chapin*, 35 Vt. 223; *Gibson* v. *McNeely*, 11 Ohio St. 131; *Horton* v. *Hamilton*, 20 Tex. 606; *Edwards* v. *Ballard*, 14 La. An. 362; *Lord* v. *Chadbourne*, 42 Me. 429; *Smith* v. *Weeks*, 26 Barb. 463; *Sweet* v. *Tuttle*, 14 N. Y. 465; *Haight* v. *City of Keokuk*, 4 Iowa, 199; *Delany* v. *Reade*, 4 Iowa, 292; *Hunter* v. *Davis*, 19 Ga. 413; *Burdick* v. *Post*, 12 Barb. 168; *Mosby* v. *Wall*, 23 Miss. 81; *Taylor* v. *Larkin*, 12 Mo. 103; *McKnight* v. *Dunlop*, 4 Barb. 36; *Lefebvre* v. *Montilly*, 1 La. An. 42; *Lewis & Nelson's Appeal*, 67 Penn. St. 152; *Haws* v. *Tiernan*, 53 Penn. St. 192; *Aspden* v. *Nixon*, 4 How. 467; *Phelan* v. *Gardner*, 43 Cal. 306; *Rogers* v. *Higgins*, 57 Ill. 244; *Chesapeake, etc., Co.* v. *Gittings*, 36 Md. 276; *Shepardson* v. *Cary*, 29 Wis. 34; *Malloney* v. *Horan*, 49 N. Y. 111; *Gregory* v. *Burrall*, 2 Edw. Ch. 417; *Smith* v. *McCluskey*, 45 Barb. 610; *Brinkley* v. *Brinkley*, 50 N. Y. 184; *Tuggle* v. *Gilbert*, 1 Duvall, 340.

A majority of the court are of the opinion that the decree

of the Carroll Common Pleas Court is conclusive upon the rights of the parties to this action, as they existed at the rendition of said decree, and that the court erred in sustaining the demurrer to the third paragraph of the reply ; but the writer of this opinion thinks that the positions assumed by counsel for appellees are correct and are fully sustained by the authorities, and that the court committed no error in sustaining the demurrer to the third paragraph of the reply.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to overrule the demurrer to the third paragraph of the reply, and for further proceedings in accordance with this opinion.

Opinion filed November term, 1874; petition for a rehearing overruled November term, 1875.