MELANCTHON W. BORLAND, Plaintiff, *against* AUGUSTUS ALLEOND *et al.* Defendants.

## [SPECIAL TERM.]

(Decided November 2d, 1878.)

The costs to be allowed on a reference to ascertain the party entitled to the surplus moneys in foreclosure cases are costs of motion only, so far as costs are payable out of the fund.

Whether a trial fee on such a reference, where a claim is contested, may not be properly taxed against the unsuccessful contestant, *Quære.*

MOTION to confirm the report of a referee as to surplus moneys and for costs. The action was for the foreclosure of a mortgage. The motion was made on behalf of Charles F. Smith, a defendant in the action and a claimant, on whose behalf also the motion for the reference was made. There was no opposition made before the referee to the claim of Smith. Upon the motion he asked for the costs allowed in civil actions before and after notice of trial and a trial fee.

The motion was opposed by Wilkening, another claimant.

*Starr & Ruggles*, for motion.

*Ashbel P. Fitch*, opposed.

JOSEPH F. DALY, J.—The costs to be allowed on a reference to ascertain the party entitled to the surplus moneys in foreclosure cases are costs of motion only, so far as the costs are *payable out of the fund.* This I regard as the proper rule under the authorities, although no distinction is therein made between costs chargeable upon the fund and costs in favor of a successful contestant against other claimants upon the fund. ( *Wellington* v. *Ulster Ice Co.*, 5 Weekly Dig. 104; *Elwell* v. *Robbins*, 43 How. Pr. 108; *N. Y. Life Ins. Co.* v. *Vanderbilt*, 12 Abb. Pr. 462; *McDermot* v. *Hennesy*, 9 Hun,

59.)   The owner of the equity of redemption should not be made to suffer by reason of a litigation between rival claimants in which he takes no part; these claimants should be chargeable as between each other with the expenses of the contest, and it may be that a trial fee in addition to motion costs would be properly taxable.   Although the determination is summary in its nature, the mode of ascertaining the priorities of liens is in no way different from an ordinary trial of issues by a referee.   (*Elwell* v. *Robbins, supra.*)

As I understand, the claim here is for payment out of the fund.   The costs of motion only should be allowed, *i.e.*, for two motions at $10 each, besides referee's fees, taxed at $75, and disbursements under the cases cited.

Ordered accordingly.