Nellie McCune, Appellant, *v.* John Peters, Respondent.

(County Court, Chautauqua County, April, 1907.)

Constables — Liability — For wrongful levy — Must prove process for justification.

In an action against a constable for conversion in taking personal property from the possession of a wife under an execution against her husband, it is incumbent upon the defendant to produce in evidence the execution and the judgment upon which it was issued; and, in the absence of such evidence, a judgment in his favor must be reversed.

Appeal from a judgment of a justice's court rendered in favor of defendant.

James E. Bixbey, for appellant.

Richard A. Hall, for respondent.

Ottaway, J.   The plaintiff brings this action to recover the value of certain personal property alleged to have been converted by the defendant.   The defendant is a constable and seeks to justify the taking of the property, claiming to have an execution.   The plaintiff claims to have purchased the property of her husband.   The defendant claims that the transfer was for the purpose of defrauding the creditors of the plaintiff's husband, and void. Statements made by the husband of the plaintiff concerning this transfer and tending to affect the good faith of the transaction were introduced upon the trial.   A verdict of no cause of action was rendered by the jury, and a judgment rendered thereon in favor of the defendant.

The defendant contends that the judgment should be sustained for the reason that the witnesses for the plaintiff, being the plaintiff and her husband, were interested witnesses, and that the jury were at liberty to discredit their testimony and to entirely disregard it.   The counsel for the

respondent correctly states the rule in reference to interested witnesses. Kavanagh v. Wilson, 70 N. Y. 177; Saranac & L. P. R. R. Co. v. Arnold, 167 id. 368.

The defendant is not in a position to avail himself of this rule. It appears that the property in question was in the possession of the plaintiff. This was sufficient for her to maintain an action of conversion to recover its value against a wrongdoer. It was incumbent upon the defendant officer to produce in evidence his process and the judgment upon which it issued to justify his taking. Jansen v. Acker, 23 Wend. 480; Noble v. Holmes, 5 Hill, 194.

Neither the execution, nor the judgment upon which the same was rendered, appears in evidence.

The judgment herein is reversed and a new trial ordered before H. S. Sweetland, justice of the peace, May 9, 1907, at ten o'clock A. M., at his office in the town of Villenova, Chautauqua county, N. Y., with costs to the appellant to abide the event of this action.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.