JAMAICA SAVINGS BANK, Appellant, v. M. S. INVESTING Co., INC., and Others, Defendants, and WILLIAM E. KENNEDY and COLLEY E. WILLIAMS, Respondents.— In an action to foreclose a mortgage, order granting motion of the defendants-respondents for an order framing issues and directing a question of fact to be tried by a jury as of right affirmed, with ten dollars costs and disbursements. No opinion. Young, Hagarty and Taylor, JJ., concur; Lazansky, P. J., and Adol, J., dissent and vote to reverse upon the ground that the action is for the foreclosure of a mortgage and the prayer for a deficiency judgment is merely for incidental relief, even though the respondents be guarantors.

GEORGE E. JENNINGS, Appellant, v. ERASTUS T. TEFFT and IRVING TRUST COMPANY, as Trustee in Bankruptcy for CARL M. GREULOCK, Respondents.— Action to determine that plaintiff is sole owner of an award in a condemnation proceeding. Judgment for the defendants [Tefft] unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

KATONAH LUMBER, COAL & FEED COMPANY, Respondent, v. DOMENICK CHIERO and JOSEPHINE CHIERO, Appellants.— In an action upon a promissory note, order, as resettled, granting plaintiff's motion for summary judgment under Rules 113 and 114 of the Rules of Civil Practice, and judgment entered thereon, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty and Taylor, JJ., concur; Adel, J., dissents and votes to reverse on the ground that there is a triable issue of fact.

MORRIS KOLAND, Appellant, v. GEORGE R. VAN AKEN, Respondent.— In an action brought to recover damages for wrongful seizure of personal property under an alleged execution, issued upon an alleged judgment in a Justice's Court in the town of Wawarsing, Ulster county, judgment entered in favor of the defendant after a trial before the court without a jury, pursuant to stipulation, reversed on the law and the facts and a new trial granted, costs to abide the event. The record fails to disclose evidence sufficient to justify the seizure of the property by the defendant. In this action the defendant constable, in order to protect himself, must show that there was a judgment upon which was issued an execution under which defendant seized the property. (Jansen v. Acker, 23 Wend. 480; High v. Wilson, 2 Johns. 45; McCune v. Peters, 54 Misc. 165.) If it be shown that the execution is lost, secondary evidence of its contents and issuance may be offered. The entry of the judgment may be shown by the justice's record. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

ANN NORRIS, Respondent, v. ROBERT A. FERGUSON, Defendant, and MANHATTAN STEAM BAKERY Co., INC., Appellant.—Action to recover damages for personal injuries sustained by plaintiff in eating, in defendant Ferguson's " diner," pastry manufactured by appellant. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.