GREGORY and another *v.* BURRALL and another.

---

Judgment in an action of assumpsit in the Supreme Court against the plaintiff upon the merits. Bill now filed by the party failing, which embraced the same parties, was for the same sum and the same evidence was necessary in each. The judgment had never been reversed; and the defendant set it up in his answer as a bar: Bill dismissed—the judgment being conclusive; but as it was a case of hardship, without costs.

---

In the beginning of the month of October, one thousand eight hundred and twenty-five, the respective mercantile firms of Keeler and Mather and Keeler and Rogers were transacting business, the former at Albany and the latter in the city of New-York. There was one general partnership of the persons composing both firms. On the third day of October, one thousand eight hundred and twenty-five, Keeler and Mather, being pressed for money, drew a bill upon Keeler and Rogers at sixty days for fifteen hundred dollars in favor of the complainants David E. Gregory and Peter Bain, who were merchants and partners in business residing at Albany and which they endorsed as a matter of friendship and for the accommodation of the above firms, upon an understanding that the bill was to be offered for discount at a Bank in Albany. The bill, however, was not so offered, for, without the consent or knowledge of the complainants, it was forwarded by Keeler and Mather to the house of Keeler and Rogers in New-York. On the tenth day of October one thousand eight hundred and twenty-five James Keeler, one of the firm, applied to the defendants to discount the bill. This was declined; but, at the request of Keeler, they made a loan to the firm of Keeler and Rogers, of one thousand dollars upon their check; and the bill was deposited with

*February 1835.*

*Judgment at law a bar for same cause of suit here. Costs.*

them as security for the re-payment. A few days prior to this, namely, on the fifth of October, the defendants had discounted for Keeler and Rogers the note of one Kellogg, endorsed by them for one thousand and two dollars dated the twenty-eighth day of July preceding, and made payable four months from the date.

Shortly after these transactions and before the note or the bill became due, the firms of Keeler and Mather and Keeler and Rogers failed and became insolvent. After their failure and sometime in the month of November one thousand eight hundred and twenty-five, the defendants, seeking to cover and protect themselves from loss as far as possible, passed away the bill to one Leavit and received from him the full amount and which the defendants applied, in the first place, to the payment of the loan or advance of one thousand dollars made upon the deposit of the bill ; and the residue they held and claimed the right to apply as between them and Keeler and Rogers in part payment of the Kellogg-note, which remained unpaid. When the bill came to maturity, the complainants were fixed as endorsers and also were sued by Leavit and compelled to pay him the full amount with costs.

The complainants then brought an action against the present defendants at law, in an action for money had and received, in order to recover back the excess which they had been obliged to pay on the bill beyond the amount for which the defendants had taken it as a security. This action proceeded to judgment in the Supreme Court and there it was determined against the plaintiffs. The report of the case and the opinion of the court will be found in 2 Wendell's R. 391. Having failed there, the complainants filed their bill in this court for relief.

The equitable grounds upon which it is based are these : that the complainants were mere sureties or accommodation endorsers of the draft. That the defendants did not become the absolute owners of the draft by discounting, but received it in pledge and as security for one thousand dollars advanced and to that extent acquired only a qualified right to the draft. That this qualified right, as between the defendants and Keeler and Rogers, did not authorize the de-

fendants to negotiate or pass away the draft; and as respected the indorsers, altho' the defendants had not express notice of the complainants being only accommodation endorsers, yet the circumstance of the draft being in the possession of the drawers and acceptors and offered by them for discount and at their disposal, was sufficient to put the defendants on inquiry and tantamount to actual notice of the fact that the defendants were accommodation endorsers. That under these circumstances, passing the draft away for its full amount, after the known failure and insolvency of the drawers and acceptors, was not only unauthorized by the contract under which the defendant held it and a violation of good faith on their part, but was a fraud upon the indorsers by increasing their liability to pay the full amount of the draft to third persons. That the defendants having received, by this means, more than the sum for which they had a right to hold or use the draft and the complainants having been compelled, as indorsers, to pay more than the defendants could have exacted from them, the latter are to be treated as trustees of the excess for the benefit of the former and bound to account accordingly.

The answer set up the judgment of the Supreme Court in bar; and claimed the benefit thereof in like manner as if formally pleaded.

And it was contended that the whole matter of equitable as well as legal demand was *res judicata*, so long as the judgment remained in force.

The report of the case in 2 Wend. (391,) was, by agreement of the parties, to be taken as evidence in lieu of the record.

Mr. *Van Vechten* and Mr. *Rhoades*, for the complainants.

Mr. *John Anthon*, for the defendants.

THE VICE-CHANCELLOR :—The first question is, upon *Feb.* 23*d.* the effect to be given to the judgment either as a plea in bar or as evidence between the parties? For, if the judgment be conclusive, there is an end of the cause.

The rule in relation to the conclusiveness of a judgment, rendered by a court of competent jurisdiction, upon the same matter, which is again brought in controversy between the same parties and litigated for the same purpose, is as binding in this court as it is in a court of law: *Orcutt* v. *Orms,* 3 Paige's C. R. 463. In order to bring a case within the rule, the second suit must be founded upon the same cause of action as the first; and the test of its being the same *cause of action is* that the same evidence will support both actions, although different in form: *Rice* v. *King,* 7 J. R. 20.; *Johnson* v. *Smith,* 8 Ib. 383.

In the case under consideration, the action brought in the Supreme Court was, in form, an action of assumpsit for money had and received. It was between the same parties and for the same sum which is in demand by the present bill.

Since the decision of Lord Mansfield in the often quoted case of *Moses* v. *Macfarlan,* 2 Burr. 1005, courts of law have constantly regarded the action for money had and received as an equitable action and a substitute, in a great measure, for a bill in equity. It is held to lie whenever a defendant has received money which he is under an obligation, from the ties of natural justice and equity, to refund. The law then implies a debt; and gives the action as being founded upon the equity of the plaintiff's case. If it arise from fraud or imposition practised by the defendant, breach of confidence or trust, extortion or oppression or any other undue advantage taken of the plaintiff's situation and the defendant has by any of these means received money which *ex aquo et bono* he ought to refund, the plaintiff may, at his election, waive the tort and, upon the *notion of an implied* contract or obligation in law, recover the money in this form of action. Upon these grounds or some of them the complainants brought their action at law; and the present bill rests upon no broader basis. The same facts were given in evidence in support of the action which are now presented for the purpose of upholding the equity of the bill; and the merits of the case were gone into and passed upon by the Supreme Court. And if, upon the facts and under the circumstances of the case,

the plaintiffs were not entitled to recover in an action for money had and received, I do not know upon what principle a bill in equity can be sustained. If we suppose the defendants chargeable with notice of the complainants being accommodation endorsers and that passing the draft to Leavit, under the circumstances and after the known failure of the drawers, can be regarded in the light of a fraud upon the complainants and that by this means the defendants received money to which they were not entitled, then the action for money had and received was calculated to present the question of the plaintiff's right to it. Although the case may not have been put expressly upon this ground, yet it appears, from the decision of the Supreme Court, to have been contended that the peculiar circumstances of the case made the defendants trustees of the plaintiffs for the amount of money in controversy, but the court held there was no trust in favor of the plaintiffs and nothing on the part of the defendants from which an implied promise could be raised to support the action. Here then appears to be a decision broad enough to cover the whole ground of the complainants claim in any view in which it could have been presented. It was made by a court of competent jurisdiction of the plaintiffs own choosing; and the form of the action was of such a nature as to let in the whole equity of the plaintiffs case. The right or wrong of the decision is not now the question. If there were error in the judgment, the plaintiff should have sought to correct it elsewhere. It is not the business, nor is it within the province of this court to review it; and while the judgment remains in force, it is conclusive upon the rights of the parties.

Courts of Equity will sometimes entertain bills and grant relief, notwithstanding a verdict and judgment at law. The cases in which this may be done are adverted to and the principles upon which the court proceeds are clearly stated by Spencer Ch. J. and Van Vechten, Senator, in *King* v. *Baldwin*, 17 J. R. 384. But there is nothing in those principles to warrant this court in disregarding the judgment at law set up in the present case as a bar.

I must dismiss the bill; yet considering the circumstan-

ces under which the complainants obtained the money and the hardship of their case, I shall leave each party to bear their own costs of this suit. One of the complainants has died since the cause was submitted: the decree of dismissal may have relation back and be entered as of the fourth Monday of October last.