By the Court, Ingraham, P. J.
This action is brought to recover for stock sold by the plaintiff to the defendant. Ten per cent of the price' was paid and the stock delivered.
The answer contains a general denial, except as to some matters subsequently admitted; denies that the plaintiff is the party in interest; and alleges that the stock was sold to the defendant by the husband of the plaintiff, who represented that the company named had been incorporated, and owned the right to manufacture gas in the city of Hew Tork; that they had a new invention for manufacturing gas, and had a patent therefor; that the company had obtained a grant which gave it the right to lay pipes in the streets of Hew York; and that such gas was in use in different parts of the country. The answer further alleged that such representations were false, and claimed to recoup the ten per cent paid on the purchase.
*13 On the conclusion of the plaintiff’s testimony the referee dismissed the complaint and gave judgment for the defendant.
Whether or not the charter obtained for the company authorized the corporation to sell gas, and whether or not the resolution passed by the common council authorized the company to lay pipes in the streets of New York to distribute the gas, were not questions of fact on which fraud in malting the contract for the sale of the stock could be predicated.
There was an incorporation of a company under the manufacturing act, as stated in the certificate of stock delivered at the time of the sale, and there was a resolution passed by the common council giving to the company the right to lay pipes and mains in the streets of New York. So far as there was a representation of fact it was true. Whether, under such incorporation, the company could sell gas, and whether such resolution of the common council was valid to confer the powers which it professed to have, were questions of law, and an opinion stated on either of these points would be nothing but an opinion on a question of law, the formation of which was just as much within the power of the purchaser as of the seller; and an error on the part of the vendor in stating such an opinion would not be a false statement of a fact, on which the purchaser could rely to vacate the contract.
It was represented, at the time, that one million dollars of the capital stock had been paid up, and the defendant claimed that this was false. The referee finds that one million of stock was issued in payment of the patent rights and the city grants. This was authorized by the act under which the company was incorporated, and that representation was not, therefore, false. The representation that the remainder of the capital stock, $2,000,000, was to be subscribed, and that they had full confidence that such subscriptions would be obtained, *14 was not the statement of any fact then existing, bnt a mere opinion of what would be, and if erroneous, formed no defence.
The subsequent failure of the company to carry out their project, the failure to erect gas-works, and the abandonment of the project by the directors, in no way affected the contract previously made between the parties. That risk was assumed by the purchaser when he made his investment in the stock. The vendor in no way guaranteed the final success of the undertaking.
The referee appears to have based his decision on a supposed failure of consideration arising from a mutual 'mistake of fact on the part of buyer and seller in regard to the validity of the resolution passed by the common council. He says, in his findings: “Both believed such right of great value, when in reality the company had no such right•” and he found that such fact was material to the contract made, “and that the defendant would not have made such contract but for such mistake.”
I have already suggested that the mistake, if it existed, was a mistake of law, and not of fact. The defendant was as much bound to inquire as to the validity of the grant, as the plaintiff, and a mistake by either would not affect the contract. In Shotwell v. Murray, (1 John. Ch. 512,) it is said: “A person cannot avoid the operation of an agreement entered into with knowledge of the facts, on the ground of ignorance of the legal consequences which flow from these facts. " In Lyon v. Richmond, (2 John. Ch. 51,) it is saidcourts do not undertake to relieve parties from their acts and deeds fairly done on a full knowledge of the facts, though under a mistake of the law. In Clarke v. Dutcher, (9 Cowen, 674,) it was held that money paid under a mistake of law, with knowledge of the facts, could not be recovered back. In Champlin v. Laytin, (18 Wend. 407,) the question is fully discussed, and it is stated as well *15 settled that a mistake as to the law furnished no ground of relief.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham. and Leonard, Justices.]
■ The learned referee, before whom this case was tried, refers to Martin v. McCormick, (8 N. Y. 331,) as disposing of the objection that the mistake was one of law. That case was entirely different. The mistake in that case was in supposing a lease under an assessment sale was valid, when the property had been redeemed by payment of the amount to the comptroller. The mistake was in supposing that it was not redeemed, and that his estate still existed. Although, I think, this case comes very near to the dividing line between mistakes of law and mistakes of fact, the difference I have suggested will warrant the calling it a mistake of fact.
The judgment should be reversed and a new trial ordered, costs to abide the event.