### George P. Steinbach, Appellant, v. The Relief Fire Insurance Company, Respondent.

When a party has elected to sue upon a written contract as it is, and has been defeated, he is bound by that election, and cannot thereafter bring an action to reform the contract.

Plaintiff brought an action in another State on a policy of fire insurance, which contained a condition forfeiting it in case certain articles classed as specially hazardous were kept on the premises. The action was removed to the United States Circuit Court, and was defended upon the ground that plaintiff did keep fire-works, which were one of the prohibited articles. The court *held,* that the terms of the policy prohibited the keeping of fire-works, rejected proof that fire-works constituted an article in plaintiff's line of business as stated in the policy, and judgment was given for defendant. This judgment was affirmed by the United States Supreme Court. *Held,* that the judgment was a bar to an action to reform the contract by inserting a clause authorizing the keeping of fire-works ; and this although the courts of this State (*Steinbach* v. *La Fayette Fire Ins. Co.*, 54 N. Y., 90) had construed a similar policy as allowing the keeping of fire-works, and had refused to follow or to be bound by the decision of the United States Supreme Court.

(Argued June 2, 1879 ; decided June 10. 1879.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a

judgment in favor of defendant, entered upon an order dismissing the complaint on trial on the opening of plaintiff's counsel. (Reported below, 12 Hun, 641.)

This action was brought to reform a policy of fire insurance, issued by defendant to plaintiff, and to recover upon it as reformed.

The facts appear sufficiently in the opinion.)

*A. R. Dyett*, for appellant. The fact that plaintiff had brought an action upon the policy as it is, and was defeated, is no reason why the policy should not be reformed. (*Sanger* v. *Wood*, 3 J. Ch., 416, 422; *Cheeseman* v. *Sturges*, 6 Bosw., 520, 522, 528; 9 id., 246, 255, 256; *Gardner* v. *Ogden*, 22 N. Y., 227; Gump's Appeal, 65 Penn. St., 476; 3 Black. Com., 429; 19 Conn., 548, 553; 7 Geo., 64, 70; *Harris* v. *Jex*, 66 Barb., 632; 55 N. Y., 421; *Harney* v. *Charles*, 45 Mo., 157; *Birckhead* v. *Brown*, 5 Sandf., 134.)

*John L. Hill*, for respondent. The judgments against plaintiff in the United States courts constitute a bar to the present action. (*Washburn* v. *Gt. West. Ins. Co.*, 114 Mass., 175; *Sanger* v. *Wood*, 3 J. Ch., 416; Bige. on Estop., 503; *Draper* v. *Stourenel*, 38 N. Y., 233; *Morris* v. *Rexford*, 18 id., 556, 557; *Rodemund* v. *Clark*, 46 id., 356; *Thewing* v. *Gt. West. Ins. Co.*, 111 Mass., 93; *Connihan* v. *Thomson*, id., 270–272.)

Earl, J. In October, 1865, the defendant, a New York corporation, issued to the plaintiff at Baltimore, Maryland, a policy of insurance against fire on his "stock of fancy goods, toys, and other articles in his line of business, contained in his store, occupied by him as a German jobber and importer." The policy contained a provision that if the assured should use the premises "for the storing or keeping therein articles, goods or merchandize hazardous, or extra hazardous, or specially hazardous, in the second class of hazards annexed to the policy," during the time of

such use the policy should be of no effect. The article "fire-crackers in packages" was classed as hazardous No. 2 in the second class, and fire-works were classed as specially hazardous in the same class. The policy contained written permission "to keep fire-crackers on sale," but no express permission to keep fire-works. At the time of the insurance, and afterward, the plaintiff kept fire-works in his store; and during the life of the policy a fire occurred, originating in the fire-works, and the loss was occasioned which is the subject of this action.

In February, 1869, the plaintiff commenced an action against the defendant, to recover upon the policy for such loss, in the Superior Court of the city of Baltimore. The defendant appeared in that action and procured the removal thereof to the Circuit Court of the United States. The action was subsequently tried in the latter court, the defense being that the keeping of fire-works was a breach of the policy. The court held that the terms of the policy prohibited the keeping of fire-works, and rejected proof offered by the plaintiff to show that fire-works constituted an article in the line of business of a "German jobber and importer," and judgment was given for the defendant. The plaintiff then took the case, by writ of error, to the Supreme Court of the United States, and there the judgment was affirmed.

Before that action was commenced in Baltimore, the plaintiff had sued The La Fayette Fire Insurance Company, in the Supreme Court of this State, upon a similar policy upon the same stock of goods, and had recovered. From the judgment in that case there was an appeal to the General Term, and then to the Court of Appeals, and in those courts the proof rejected in the United States Court was held competent: (Steinbach v. The La Fayette Fire Ins. Co., 54 N. Y., 90.) The Commission of Appeals, with the decision of the Supreme Court of the United States in the case there decided before it, refused to follow or be bound by the same; and thus the highest courts of the State and of the nation were in conflict.

Now the plaintiff has commenced this action to reform the policy by inserting therein permission to keep fire-works, on the ground that such permission was omitted from the policy by mistake, and to recover upon the policy as thus reformed. He has thus far been defeated, on the ground that the judgment in the United States Court is a bar to the maintenance of this action, and whether it is or not is the sole question for our determination.

Whatever was necessarily determined in that action concludes the parties, and can never again be brought into litigation between them, so long as the judgment therein remains in force. That is the universal rule always applied, no matter how much injustice may be done in a particular case. Such a rule of law, which generally tends to justice, cannot be changed to meet the exigencies of a case where a different rule would work out juster results.

In order to bring a case within the rule, the second suit must be founded substantially upon the same cause of action as the first ; and the test of that is that the same evidence will support both actions ; and the rule is the same, although the two actions are different in form : (*Gregory* v. *Burrall,* 2 Edw. Ch., 417; *Rice* v. *King,* 7 J. R., 20; *Johnson* v. *Smith,* 8 id., 383.) And it matters not that the former action was decided upon erroneous grounds : (*Morgan* v. *Plumb,* 9 Wend., 287.)

Here there was but one contract of insurance, and the cause of action in the Baltimore suit, as in this, was founded on that. In that suit the plaintiff sought to recover by proving that he was permitted to keep fire-works. By the same proof he seeks to recover in this. There he sought to prove the permission by parol. Here he seeks preliminarily to have the writing reformed, so that he can prove it by the writing. If he could succeed here, he would in some form have to prove precisely what he offered to prove there, to wit, that he was permitted to keep fire-works. If the plaintiff could succeed in reforming this contract, it would not change its scope or effect. It would, according to the decisions in this State, be

the same contract still.    The only change would be that the plaintiff would have direct written proof of what, without such reformation, would rest upon construction and inference based upon other provisions in the contract, and upon parol evidence.    The contract would then be, in its legal effect, the same as that the plaintiff sought to enforce in the former suit.

It is admitted by the plaintiff that the judgment against him in the former action is a bar to any recovery in this, unless he can change the contract.    Now, what was determined in that action ?    Clearly that the contract between the parties was such as was embraced in the policy declared on and proved in that action ; and that the plaintiff had violated the policy, by keeping the fire-works.    Now he seeks to establish, in this action, that that was not the contract, and to have it reformed ; and that the real contract between the parties was not violated.    He sought, in that action, to recover for his loss, and gave all the proof he could to show that he was entitled to recover.    Now without alleging that there was more than one contract of insurance, or more than one title or right, upon which to base a recovery, he seeks to recover for the same loss.    This is a case, it seems to me, where the doctrine of *res adjudicata* must apply, and bar a recovery, unless plain principles of law, which have always been regarded as important in the administration of justice, are disregarded.

According to the case of *Washburn* v. *Great Western Ins. Co.* (114 Mass., 175)—in all its essential features like this— the plaintiff, having elected to sue upon the contract as it was, and been defeated, is bound by that election, and cannot now maintain this action to reform the contract.

The judgment must be affirmed, with costs.

All concur, except CHURCH, Ch. J., dissenting.

Judgment affirmed.