QUINCY A. VINAL, AS ADMINISTRATOR, ETC., OF WILLIAM L. BURT, DECEASED, RESPONDENT, *v.* THE CONTINENTAL CONSTRUCTION AND IMPROVEMENT COMPANY, THE BOSTON, HOOSAC TUNNEL AND WESTERN RAILROAD COMPANY AND THE FITCHBURG RAILROAD COMPANY, APPELLANTS.

*Demurrer to a complaint setting up a written and oral contract — it admits the truth of the statement, irrespective of the competency in evidence of the oral contract — contract — right of one party to receive and retain property thereunder after refusing, because of the inability of the other party to act, to fulfill its part of the contract.*

Where a complaint speaks of a written and oral agreement and a demurrer is interposed thereto, such demurrer admits the agreement alleged in the complaint just as if it had been proved on the trial without objection by the defendant.

Upon the issue formed by the demurrer, the court will not consider the question whether, under the rules of evidence, the plaintiff would be allowed to prove on the trial the oral agreement set up in the complaint.

One Burt entered into a contract by which he was to receive certain railroad stock and to pay therefor a certain sum. This contract contemplated a consolidation, which was to be effected by Burt between two railroad companies, and was subsequently attempted and an agreement of consolidation made. Subsequently Burt entered into an agreement with the Continental Construction and Improvement Company, by which that company agreed to build, complete and equip the road for the new consolidated company, and to make a proper agreement with that company to that effect, in consideration of which Burt assigned to the Continental Construction and Improvement Company the aforesaid con-

tract under which Burt was to receive the railroad stock, together with a certain subscription paper, and subsequently the Continental Construction and Improvement Company having paid the balance due upon such last-mentioned contract, received the assignment of the stock therein provided to be made. The Continental Construction and Improvement company also entered into an agreement for the construction of the road of the new consolidated company, with it.

In an action brought by the attorney-general of the State of New York, it was adjudged that the attempted consolidation was void. The Continental Construction and Improvement Company, being deprived of the power to perform its agreement with Burt, refused to build the road, caused itself to be released from its contract and retained, and in part sold, the property acquired under its agreement with Burt.

Burt having died, an action was brought by his administrator to recover damages against the Continental Construction and Improvement Company for an alleged breach of contract, in which judgment was rendered for the construction company on the ground that the decision in the action brought by the attorney-general excused it from the performance of its contract.

Burt's administrator thereupon brought an action against the construction company and others, alleging that there had been a failure of consideration for the transfer by Burt to that company and that the company should account and restore to the plaintiff the money profits received from Burt, to the complaint in which action a demurrer was interposed.

*Held,* that the claim on the part of the defendant that the parties had contracted under a mutual mistake of law, and not of fact, because the legal existence of the new consolidated corporation depended on the validity of the proceedings taken by the former corporations to consolidate, and that such proceedings were legally invalid, could not be sustained.

*Semble,* that even if the decision in the action brought by the attorney-general were based upon defects existing in the execution of the papers for the consolidation, and upon improper action to that end taken by the old companies, it would have been based on a question of fact.

*Semble,* that such would have been the case, even were such adjudication placed and determined on the inability, under the statute, of the two existing companies to consolidate.

That, in any event, as these parties were not residents of the State of New York, and their contract, so far as appeared, was not executed in New York, that the questions relating to the laws of this State were questions of fact.

That while everyone is presumed to know the laws of his own State, he is not presumed to know the laws of the other States in this country or of other nations.

*Carpentier* v. *Minturn* (6 Lans., 56; *Holdredge* v. *Webb* (64 Barb. 9) distinguished.

That the claim that the plaintiff having sued to recover damages for a breach of the contract, and having been defeated in that action, could not now maintain this action, was not sustainable, as the two actions were not inconsistent, one with the other.

*Steinbach* v. *Relief Fire Ins. Co.* (77 N. Y., 498) distinguished.

APPEAL by the several defendants from an interlocutory judgment, entered upon a trial of the issues of law formed by the plaintiff's complaint and by the defendants' demurrers interposed thereto, rendered at a Special Term of the Supreme Court held in the county of Saratoga, which judgment was entered in the office of the clerk of the county of Saratoga on March 7, 1889, and overruled the demurrers of the several defendants to the complaint in this action.

To state the facts alleged very briefly, Ames & Dexter owned all the indebtedness and a great part (substantially all) of the stock of the Boston, Hoosac Tunnel and Western Railroad Company. On the 9th of February, 1881, they contracted with Burt, plaintiff's intestate, to transfer to him all the stock, for which he was to pay a certain sum to them, and, also, was to make other payments of indebtedness. There are other agreements in the contract which it does not seem necessary here to specify. This contract was subsequently extended, April 9, 1881, by a supplemental contract, and again subsequently to that day.

This contract contemplated a consolidation, which Burt intended to procure, between the Boston, Hoosac Tunnel and Western Railroad Company and other railroad companies. About April 11, 1881, said Boston, Hoosac Tunnel and Western Railroad Company did attempt to make such consolidation, and an agreement of consolidation was made, the consolidated company to have the same name of Boston, Hoosac Tunnel and Western Railroad Company. On the 25th and 26th of May, 1881, these contracts of Burt with Ames & Dexter were worth $2,000,000, besides what Burt had paid on them. On these days Burt entered into an agreement with the Continental Construction and Improvement Company, by which that company agreed to build, complete and equip the new Boston, Hoosac Tunnel and Western Railroad Company, and to make a proper agreement with that railroad company to that effect; and in consideration thereof Burt assigned to said Continental Construction and Improvement Company the aforesaid contracts with Ames & Dexter and a certain subscription paper. Subsequently the Continental Construction Company paid Ames & Dexter the balance due them, and received from them assignments of the stock and indebtedness

aforesaid. The construction company also entered into a contract for the construction of the new Boston, Hoosac Tunnel and Western Railroad Company. Burt on his part fulfilled all his obligations under his agreement with the Continental Construction and Improvement Company during his lifetime. Neither Burt nor the said Continental Construction and Improvement Company was a citizen of this State. They made the aforesaid agreement in the belief that said new Boston, Hoosac Tunnel and Western Railroad Company was a valid consolidated company under the Laws of New York.

In 1882 the attorney-general of New York brought an action, the result of which was that on the 16th of July, 1883, the attempted consolidation was declared void and the bonds and mortgage issued by said new company were declared void and its stock also.

The defendant, before the 26th day of May, 1883, deprived itself of the power to perform its agreement with Burt; refused to build the road ; caused itself to be released from its contract; and has retained and in part sold the property acquired by its agreement; caused the railroad company to issue its bonds ; sold them and converted the proceeds. After the decision in the action of the attorney-general, Burt's administrator brought an action for damages against the Continental Construction and Improvement Company on breach of contract. Judgment was rendered therein for defendant on the ground that the decision aforesaid excused said defendant from performance of the contract. The plaintiff now claims that there has been a failure of consideration for the transfer by Burt to that company ; and that the company should account to and restore to plaintiff the money and profits received from Burt. And further claims that the Fitchburgh Railroad Company has received some of the property, but with full knowledge, and should be compelled to restore. The defendants demurred to the complaint, of the contents of which a brief statement is given. The Special Term overruled the demurrer and the defendants appeal.

*Adrian H. Joline*, for the appellants.

*Matthew Hale*, for the respondent.

LEARNED, P. J. :

We think that the opinion of the learned justice who decided the case is sound and able, and that it is really of little use to add

anything to what he has said so well. The complaint speaks of a written and verbal agreement between Burt and the construction company. The appellant urges that no verbal agreement could be proved for the reason that the written paper must be understood to embrace the whole agreement between the parties. That is a matter to be determined on the offer of proof at the trial. If testimony of a verbal agreement is offered and objected to, and if it ought not to be received, then it will be excluded; and hence no such agreement will be proved. But the demurrer admits the agreement alleged in the complaint, just as if it had been proved without objection by the defendant at the trial. And if the defendant admits that it made an agreement, there is no reason why it should not be required to perform it. It is not illegal or immoral that a person should make, at the same time, a verbal agreement and a written agreement. The rules of evidence may sometimes prevent the proving of conversations which led up to a written agreement, or which may seem to modify the writing which has finally been taken as the expression of the minds of the parties. What, under the rules of evidence, the plaintiff will be allowed to prove in the present case is a matter not now before us.

The next question presented by the defendants is on the effect of the previous decision. ( *Vinal* v. *Continental Construction Co.*, 32 Fed. Rep., 343.) That action, as admitted by the demurrer, was one to recover damages against the company for a failure to perform the contract made between it and Burt. The decision, as so admitted, was upon the ground that it had been established in the suit by the attorney-general that there was no consolidated railroad company, and, therefore, the construction company was excused from performing its contract with Burt. That is, it could not construct a railroad for a railroad company which had no existence, and which could, therefore, acquire no title to land, etc. Of course, this decision between these same parties is conclusive here. It is settled, then, on this demurrer that the construction company cannot carry out and perform the contract into which it entered with Burt.

Now, the question is presented in this case, as Burt paid the construction company a large amount of property as a consideration for the building of this new Boston, Hoosac Tunnel and Western Railroad Company, and as it cannot build such road, ought it to keep

what Burt paid it? It would be unjust that it should do so. And some very strong reasons must be shown to maintain so unreasonable a position. The defendants say that the parties contracted under a mutual mistake of law, not of fact, that is, the defendants say that they contracted upon the belief that the (consolidated) Boston, Hoosac Tunnel and Western Railroad Company was an existing corporation, and that this belief was not a belief of the existence of a fact, but of the existence of a rule of law, because the existence of the corporation depended on the validity of the proceedings taken by the former corporations to consolidate, and that such proceedings were legally invalid.

Now, it does not appear by the complaint upon what ground that attempted consolidation was adjudged to be illegal and void; whether the papers were not properly executed; whether the proper action was not taken by the old companies, or whether some other defect existed. If the decision in the attorney-general's suit was on any of these grounds, it would seem to have been based on a question of fact. If parties had made a contract on the belief that a deceased person had executed a will, and the fact proved to be that he had never signed any paper purporting to be a will, we should hardly think that this was a mistake of law. Nor do we feel by any means confident that, even if the decision in the attorney-general's suit was based on some ground other than imperfection in the consolidation proceedings, if it were based, for instance, on the inability under the statute of these companies to consolidate, that even then a mistake as to the existence of the consolidated company would be a mistake of law. But we need not pass on that. These parties were not residents of New York, and their contract, so far as appears, was not executed in New York. Foreign laws (including laws of other States) are facts. The presumption that every one knows the laws of his own State is hard enough. He never is presumed to know the laws of all the other States in this country, and the laws of all the nations of the world.

The cases cited by defendants are no exception. *Carpentier* v. *Minturn* (6 Lans., 56) was an action on a note made in California, under a contract made in California in regard to business in California, and the question was as to the knowledge of the law of

California. So in *Holdredge* v. *Webb* (64 Barb., 9), the contract was in New York, and the question was as to the laws of New York. Neither of these decisions, therefore, disturb the doctrine that to parties residing and contracting in one country the laws of another country are matters of fact, not of law.

There is still a further consideration. A statute exists in this State authorizing consolidation of railroad companies in certain cases. Suppose that these parties were bound to take knowledge of that statute. Were they bound to know whether, in this particular case, these railroad companies could consolidate? That question might depend, and probably did, on certain facts, and, as to these facts, the parties might make a mistake. Or, even if they knew all the facts, are they bound to know how the courts will apply the statute to the facts; that is, are they bound to know this in such a way that the ignorance of what the result of such application will be is ignorance or mistake of law? The defendants insist that the belief of Burt and the defendants that the (consolidated) Boston, Hoosac Tunnel and Western Railroad Company was a corporation in existence was a mistake of law, because, subsequently, the court decided that that company was not a corporation. We should be unwilling to take that view, in our present judgment, upon the arguments of counsel.

The defendants' counsel urges on our consideration (as was urged below) the case of *Steinbach* v. *Relief Fire Insurance Company* (77 N. Y., 498). The plaintiff had brought an action on a policy of insurance, and had been defeated on the ground of his violation of one of the clauses. He then brought that action to reform the policy by making a modification of that clause, and the relief was denied. That is not like the present case. Here the plaintiff sued for damages for breach of the contract. He was defeated on the ground that, although the defendant had broken the contract, yet it was excused from performance because performance was impossible. Now that plaintiff claims that since performance has become impossible, he should recover back that which he gave as a consideration for the promised performance. The actions are not inconsistent one with the other. We are of the opinion that the judgment of the Special Term was correct, and that it should be affirmed,

with costs, with the usual leave to withdraw demurrer and answer over on payment of costs.

LANDON and INGALLS, JJ., concurred.

Judgment of Special Term affirmed, with costs, with leave to withdraw demurrer and answer over on payment of costs of court below and of appeal within twenty days after service of order.