OTTO M. EIDLITZ and ROBERT JAMES EIDLITZ, Plaintiffs, *v.* MANHATTAN WRECKING AND CONTRACTING COMPANY, Defendant.

(Supreme Court, New York Special Term, February, 1914.)

Election — defense of action for breach of contract precludes suit for reformation.

Laches — dismissal of complaint for — discovery of mistake in contract.

> One who elects to defend an action for damages for breach of contract cannot maintain an action for the reformation of the contract.

> Where plaintiff on the discovery of a mistake in a contract consulted counsel, negotiated with defendant for a settlement and for two years litigated an action brought by him for breach of the contract, the complaint in an action subsequently brought for a reformation of the contract will be dismissed for laches.

ACTION upon a contract for the erection of a building.

Eidlitz & Hulse (Herman Joseph, of counsel), for plaintiffs.

Feltenstein & Rosenstein, for defendant.

NEWBURGER, J. Plaintiffs, in May, 1911, entered into a contract for the erection of a new hospital for ruptured and crippled children on East Forty-second and Forty-third streets in this city, and the property was known as Nos. 303–325 East Forty-second street and 304–322 East Forty-third street. The president of the defendant company testified that he read an article in the New York *Times* concerning the erection

of the hospital. The article stated that the building
was to be erected on a plot having a frontage of 200
feet on Forty-second street and 170 feet on Forty-
third street, east of Second avenue. The defendant,
through its president, on May 11, 1911, sent a letter
to the Society of Ruptured and Crippled Children
asking to be permitted to estimate for demolishing the
old building on the new hospital site, which letter was
referred to the plaintiffs. After some negotiations
an agreement was entered into whereby the defend-
ant agreed to demolish the buildings 303 to 325 East
Forty-second street and 304 to 332 East Forty-third
street. Plaintiffs claim that the numbers thus stated in
the contract were a mistake and should have been 304
to 322 East Forty-third street, and now seek in this
action to have the contract reformed in that respect.
The defendant on or about June second proceeded to
demolish the unoccupied buildings on Forty-second
street and Nos. 304 to 322 East Forty-third street. A
few days thereafter, Levenson, the president, asked
plaintiffs when he would get possession of the other
five buildings. Plaintiffs then called Levenson's at-
tention to the mistake of the typewriter in insert-
ing 332 instead of 322. Negotiations were then
entered into between the parties for an adjustment,
which, however, failed, and on the 15th day of June,
1911, defendant on the advice of counsel ceased work.
On the 14th day of October, 1911, the defendant com-
menced an action in the City Court to recover dam-
ages for a breach of contract. The plaintiffs herein
and the defendants in that action interposed an answer
setting up the mistake in the contract heretofore re-
ferred to, and as a counterclaim a breach on the part
of the defendant herein and the plaintiff in that action,
and demanding judgment for damages in the sum of
$2,300. Subsequently this action in the City Court

was brought on for trial and resulted in a verdict for the plaintiff in that action and against the plaintiffs herein, from which judgment the plaintiffs herein appealed to the Appellate Term of this court, which reversed the judgment of the City Court, holding that the defense of mistake was a proper defense and such mistake need not be mutual. *Kirchner* v. *New Home S. M. Co.,* 135 N. Y. 188; *City of New York* v. *Dowd Lumber Co.,* 140 App. Div. 358; *Manhattan Wrecking & Cont. Co.* v. *Eidlitz,* 78 Misc. Rep. 396. Subsequently the plaintiffs herein and defendants in the City Court action moved to amend their answer, which application was granted. In May, 1913, the plaintiffs herein moved to remove the City Court action to this court, which motion was granted. In October, 1913, the action so removed· was tried in Part XIV of this court and resulted in a dismissal of the complaint. In November, 1913, this action was commenced. The plaintiffs having elected to defend the action brought by the defendant, and thus having elected their remedy, cannot now seek the intervention of a court of ·equity to reform the contract. See *Steinbach* v. *Relief Fire Ins. Co.,* 77 N. Y. 498. Furthermore, the plaintiffs are clearly guilty of laches, which was not shown to be excusable. In June, 1911, they discovered the mistake; they then consulted with counsel, negotiated with the defendant for a settlement, and for two years litigated the action brought by the defendant herein. As was said by Judge Andrews in *Calhoun* v. *Millard,* 121 N. Y. 81: '' It is and always has been the practice of courts of equity to remain inactive where a party seeking their interference has been guilty of unreasonable laches in making his application (Story's Eq. Jur., § 1520). The principle is stated with great force and clearness by Lord Camden in *Smith* v. *Clay* (2 Ambl.

645) : ' Nothing can call forth this court into activity but conscience, good faith and reasonable diligence. Where these are wanting, the court is passive and does nothing. *Laches* and neglect are discountenanced and, therefore, from the beginning of this court, there was always a limitation to suits in this court.' Courts of equity, it has been said, act not so much in analogy to, as in obedience to statutes of limitation of legal actions, because where the legal remedy is barred, the spirit of the statute bars the equitable remedy also.'' And at page 82: ''But, in enforcing purely equitable remedies, depending upon general equitable principles, unreasonable and inexcusable delay is an element in the plaintiff's case, which a court of equity always takes into consideration in exercising its discretion to grant or refuse relief, and is not a mere collateral incident. Where there is a remedy at law, whereby the plaintiff can prosecute or defend his legal right, the refusal of relief leaves the parties where they were. If there are special circumstances which may change the situation of the plaintiff to his injury, unless the equitable remedy is interposed, this fact may be considered. But the right of the court to deny relief upon equitable grounds, for long delay, although short of the statute period of limitation, is in the nature of a defense and is not, we think, taken away by the statute. There may be a well founded distinction between the case of an application for an equitable remedy in aid of, or to enforce a legal right not barred by the statute, and the case where an exclusively equitable remedy is sought, such as to restrain proceedings at law, or upon the principle *quia timet,* to deprive an adversary of the muniment of his alleged legal right, which he inequitably retains. In cases of the latter class, long delay or acquiescence, although short of the statute period for the limitation of equitable actions, may be

a ground for refusing relief (Pom. Eq. Jur., § 817).''
For the reasons stated, the complaint herein must be
dismissed.

Judgment for a dismissal of the complaint.