**BANCO NACIONAL DE CUBA,**
Plaintiff,

v.

**Peter L. F. SABBATINO, as Receiver, and F. Shelton Parr, William F. Prescott, Emet Whitlock, Lawrence H. Dixon, H. Barton Farr, Elizabeth C. Prescott, Fabio Freyre and Helen G. Downs, co-partners doing business as Farr, Whitlock & Co., Defendants.**

United States District Court
S. D. New York.

Feb. 14, 1961.

Rabinowitz & Boudin, New York City, for plaintiff. Victor Rabinowitz, New York City, of counsel.

Choate, Mitchell, Baker & Nelson, New York City, for defendant Farr, Whitlock & Co. Robert L. Augenblick, Winthrop S. Emmet, New York City, of counsel.

Harold L. Fisher, and Ross J. DiLorenzo, Brooklyn, N. Y., for defendant Peter L. F. Sabbatino.

WEINFELD, District Judge.

This is a motion by the plaintiff to dismiss a counterclaim on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff is the financial agent of the Cuban Government. This action was commenced to recover from the defendants, members of a partnership, hereafter referred to as Farr Whitlock, the sum of $175,250, representing the proceeds of a shipment of sugar sold to it by the Cuban Government acting through Banco Para El Commercio, a government wholly owned corporation. The claim was assigned to the plaintiff by Banco Para El Commercio.

The action centers about title to the sugar shipment which the Government asserts by reason of expropriation of the property of C.A.V., a Cuban corporation, under nationalization decrees.

The draft and bill of lading covering the shipment were delivered to the de-

fendant, in this District, by plaintiff's agent. However, Farr Whitlock, while retaining the documents, did not forthwith make payment, since it had been advised that a receiver appointed by the New York State Supreme Court for C.A.V., the Cuban corporation, claimed the right to the sale proceeds. The receiver contended that the sugar was the property of the Cuban corporation and that the expropriation order under which it was seized is void.

The State Court enjoined Farr Whitlock from disposing of the sale proceeds and subsequently issued an order, with which Farr Whitlock has complied, directing turnover of the sum to the receiver. The plaintiff, in this action, seeks to recover the same amount from Farr Whitlock, charging that the bills of lading had been delivered on condition that payment be made for the sugar; that defendant has refused to pay the draft or to return the bills of lading.

■ The counterclaim asserted by Farr Whitlock is based upon a subsequent and entirely different sugar transaction from that which is the subject of plaintiff's claim. The defendant asserts (for the purposes of this motion the allegations of the counterclaim must be deemed true) that on August 11, 1960 it contracted for a shipment of sugar with the Cuban Government acting through its agent, Banco Para El Commercio; that in entering into the contract, and thereafter paying for the sugar, it did so on the representation of agents of the Cuban Government that the sugar was owned by it as a result of nationalization decrees. In this instance, too, a Cuban corporation, a wholly owned subsidiary of the Cuban American Sugar Company, a New Jersey corporation, asserts title to the sugar based upon the invalidity of the expropriation order and nationalization decrees. The counterclaim alleges that these companies commenced an action in the Supreme Court of the State of New York against Farr Whitlock to recover the proceeds of the sale of the second shipment based on their claimed title. The defendant, in its counterclaim, in substance, prays that the rights of the parties be determined;[1] that if the Cuban Government is found not to have owned the sugar, that plaintiff repay to it $412,807.12, the amount paid for the sugar shipment, or that it be set off against any judgment obtained by plaintiff in this action; in end result it seeks to be protected against the possibility of double payment.

The nub of the defendant's claim is that if the Cuban Government were not the owner of the sugar, then it paid the moneys to the agent of the Cuban Government under a mistake of fact and thereby the latter was unjustly enriched at the expense of Farr Whitlock.

The plaintiff contends that the counterclaim asserts a nonjusticiable controversy since the defendant takes no position as to who was the legal owner of the cargo and that restitution is asked only in the event that this Court should decide that the Cuban Government was not the true owner—that in effect the plaintiff is asking this Court for an advisory opinion.

■ While it is true that the courts do not decide cases in the abstract, the parties here, by reason of their dealings, have created legal relationships which may cast the defendant in liability to a third party and in turn expose the plaintiff to liability to the defendant. It has been recognized that "the difference between an abstract question and a 'controversy' contemplated under the Declaratory Judgment Act is necessarily one of degree * * * . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

1. 28 U.S.C. § 2201.

and reality to warrant the issuance of a declaratory judgment." [2]

Certainly the prospect of a second and duplicate payment of $412,807.12, in the event the decrees are held invalid, is not an abstract or hypothetical situation, but one of immediacy and reality—at least so far as the defendant is concerned.

▇▇▇▇ The plaintiff makes the further contention that the allegations of the counterclaim indicate a claim, if at all, not for a mistake of fact, but "a possible mistake of law" as to the validity of the nationalization legislation, which does not support a claim for unjust enrichment, particularly since the decrees may not be inquired into by this Court in view of the fact they affect assets which were located in Cuba where the decrees were promulgated. However, the question of the intent and construction of the nationalization decrees is one of foreign law which presents an issue of fact as to which expert testimony, as well as relevant documents and other material, may be received in evidence; [3] also, the effect to be given to foreign law is determined by local law.[4]

Therefore, upon the facts here pleaded, a mistake of law may be treated as a mistake of fact.[5] Moreover, plaintiff's position fails to consider the allegation in the counterclaim that payment was made for the sugar in reliance upon a representation by agents of the Cuban Government that the decrees were valid and in effect. A representation as to the law of a foreign jurisdiction is a statement of fact and therefore, if false and reasonably relied upon, may constitute grounds for restitution.[6] In addition, under the pleadings a fact question exists with respect to the effective dates of the nationalization decrees under which the Cuban Government allegedly derives its title.[7] Thus, this further factual issue may well determine whether or not the payment was made under a mistake of law or of fact.[8]

Finally, plaintiff urges that in any event, the counterclaim may not be asserted against it since it is a mere assignee of the proceeds of the first shipment by assignment from Banco Para El Commercio and had no connection with the shipment which is the subject of the counterclaim. The complaint alleges

---

2. Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826.

3. See Van Slochem v. Villard, 1913, 207 N.Y. 587, 101 N.E. 467. Cf. Walton v. Arabian American Oil Co., 2 Cir., 233 F.2d 541, 543, certiorari denied 1956, 352 U.S. 872, 77 S.Ct. 97, 1 L.Ed.2d 77.

4. Hilton v. Guyot, 1895, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95. See also Moscow Fire Ins. Co. v. Bank of New York & Trust Co., 1939, 280 N.Y. 286, 303, 20 N.E.2d 758, 763–764, affirmed by an evenly divided Court, 1940, 309 U.S. 624, 60 S.Ct. 725, 84 L.Ed. 986.

5. 5 Williston, Contracts § 1592 (Rev. Ed.1937); Restatement, Restitution § 46, comment c (1937). Cf. Aetna Ins. Co. v. Mayor of City of New York, 1st Dept. 1896, 7 A.D. 145, 155, 40 N.Y.S. 120, 124, affirmed 1897, 153 N.Y. 331, 47 N.E. 593; Vinal v. Continental Const. & Imp. Co., 3d Dept.1889, 53 Hun 247, 6 N.Y.S. 595, 600.

6. 5 Williston, Contracts § 1495 (Rev. Ed.1937); Restatement, Restitution § 55, comment c (1937). Cf. Dixon v. Pacific Mutual Life Ins. Co., 2 Cir., 1959, 268 F.2d 812, certiorari denied 1960, 361 U.S. 948, 80 S.Ct. 403, 4 L.Ed.2d 381; Camerlin v. New York Cent. R. R. Co., 1 Cir., 1952, 199 F.2d 698, 703.

7. The contention that the defendant was aware of the conflicting claims when it made the payment raises an issue of fact which may not be considered on this motion.

8. Cf. Adrico Realty Corp. v. City of New York, 1928, 250 N.Y. 29, 38, 164 N.E. 732, 734, 64 A.L.R. 1.
   While the parties have not discussed choice of law problems, should the law of the State of New York be applicable, then it would appear that whether the mistake was one of law or fact is of no consequence. See New York Civil Practice Act, § 112–f.

that Banco Para El Commercio, to whom the defendant made the payment of $412,807.12 for the second shipment, was the seller of the first shipment and assigned its claim to the plaintiff. But plaintiff emphasizes that these were two separate transactions and that the subject matter of the counterclaim does not arise out of the first shipment which is the subject of the main suit. Accordingly, plaintiff contends that the defendant's counterclaim against Banco Para El Commercio is not available against plaintiff as assignee of the proceeds of the first shipment, particularly so since the counterclaim matured after the assignment of which the defendant had notice.

First, a fact issue is raised as to whether the defendant did have notice of the assignment to the plaintiff. But more important, in this Court's view, is that the plaintiff's complaint shows that the real plaintiff or party in interest is the Cuban Government which, on August 6, 1960, nationalized the properties of corporations engaged in the business of manufacturing sugar and thus, according to its own allegation, became the owner of all sugar whether it concerned the first or second shipments of the present litigation or any other. Plaintiff is described in the complaint as a "public corporation wholly owned by the government." In this circumstance it is clear that the Government is the real party in interest with respect to both transactions. Both assignor and assignee appear as instrumentalities for the conduct of business by the Cuban Government.

Here the Cuban Government, through its agent, the plaintiff, has subjected itself to the jurisdiction of this Court. The subject matter of the complaint and the counterclaim involve ordinary commercial transactions, and under the circumstances the setoff or counterclaim may be asserted.[9]

The motion to dismiss the counterclaim is denied.

9. See National City Bank of New York v. Republic of China, 1955, 348 U.S. 356, 75 S. Ct. 423, 99 L.Ed. 389.